CASE 6————————FEBRUARY 20.

## Lowe vs. Commonwealth.

APPEAL FROM MERCER COUNTY COURT.

An appeal lies to the court of appeals from an order of a county court permanently suspending the jailer of the county from acting as such.

By the constitution the term of office of a jailer is fixed at four years, and until his successor is qualified. It is therefore beyond the power of the legislature either to increase or diminish the term of office.

There are two modes prescribed by the constitution whereby a civil officer may be removed from office before the expiration of his term—(1) by impeachment, a mode that applies to and embraces every civil officer in the State; and (2) by indictment or presentment, which only applies to judges of the county court, justices of the peace, sheriffs, coroners, surveyors, jailers, county assessor, attorney for the county, and constables. (*Constitution*, art. 5; *Ib.*, art. 4, sec. 36.)

*Section 36 of art. 4, of the constitution*, of itself, and without other legislation, authorizes an indictment against any of the officers named therein for the offenses mentioned, and a conviction and judgment vacating the offender's office. (*Wharton vs. Commonwealth, MS. opin., July*, 1855.)

Wherever the constitution has created an office and fixed its terms, and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the legislature to remove such officer or *suspend* him from office for any other reason or in any other *mode* than the constitution itself has furnished.

*Section nine of article two of chapter ninety-one, of the Revised Statutes*, which authorises the suspension of a jailer by the county court, does, so far as the incumbent is concerned, virtually authorize his removal from office, in a manner different from that prescribed by the constitution; and said section is, to that extent, unconstitutional, inoperative, and of no effect. Such officer can only be removed upon the grounds and in the mode designated by the constitution.

JNO. M. HARLAN and P. B. THOMPSON, for appellant.
A. J. JAMES and W. A. HOOE, for appellee.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

*Chapter* 91 *of the Revised Statutes,* (2 *vol. Stanton's edition,* 348,) contains the following provision :

"Each county court shall have the power to suspend the jailer of the county from acting as such, for such period *as it may deem right,* when the public interest shall imperatively require the same ; but the ground on which the suspension shall be made must, in every instance, be entered on the order book of the court. The presiding judge of the county court may, for any cause he deems sufficient, by his order in writing, during vacation, exercise the same power until the meeting of the next county court."

Under this provision the county judge of Mercer county, in September, 1860, suspended appellant, as jailer of said county, until the next regular term of the county court, which occurred in October following.

At said term the county court—being satisfied from the evidence that appellant had negligently and improperly acted in his office of jailer, and that the public interest imperatively required his suspension—made the following order:

"This day came the parties by their respective attorneys, and they having been fully heard on the evidence and argument of counsel, and the court being satisfied that the public interest imperatively requires the *permanent* suspension of the defendant, Elisha Lowe, jailer of Mercer county, from the further discharge of official duties as such, it is ordered by the court that said Elisha Lowe be and he is hereby suspended from acting as such during the residue of the term of office for which he was elected."

The grounds for the suspension are set forth and appended. to the order—having been entered upon the order book as required by law.

From this order Lowe has appealed to this court, and relies on several grounds for reversal.

As no appeal is allowed in such cases to the circuit court ; and, as this court, in *Gorham vs. Luckett,* (6 *B. Monroe,*)—a case in some respects not unlike this—decided that the power of

removal from office, for cause, when conferred upon a court, was a judicial and not an executive power, we suppose the order complained of is within the jurisdiction of this court, and shall therefore proceed to notice such of the errors assigned as are deemed important to the parties.

The first and most important inquiry involves the constitutional power of the legislature to enact the law under which this proceeding was had.

It is contended in behalf of appellant, that the constitution has prescribed the term of his office, and the grounds upon which he may be removed, as well as the mode of proceeding to effect such removal; and that, inasmuch as a permanent suspension from office is virtually a removal, the legislature could not empower the county court to suspend him at its discretion, and thus effect a removal from the office in a mode different from that furnished by the constitution.

The constitution provides for the election of a jailer for each county in the State, whose term of office shall be the same as that of the judge of the county court. (*Article* 6, *sec.* 1.)

It is also provided by the same instrument, that "judges of the county courts shall be elected by the qualified voters of each county, for the term of four years, and shall continue in office until their successors be duly qualified, &c." (*Art.* 4, *sec.* 30.)

So that, by the organic law, the term of office of a jailer is fixed at four years, and until his successor is qualified. It is therefore beyond the power of the legislature either to increase or diminish this constitutional term of office. Of this there can be no doubt.

But may not the incumbent of such office be removed for malfeasance or misfeasance in office, or for any other valid and sufficient cause, existing or occurring before the expiration of his term? And, if so, how is this to be done?

It seems to us that a sufficient answer to these inquiries is to be found by recurring to the provisions of the constitution touching removals from office.

*Article* 5 provides for the impeachment of all civil officers, and not only so, but prescribes the mode of impeachment, and

by what power it shall be performed. It also declares that the judgment in such cases shall not extend further than to removal from office, and disqualification to hold any office of honor, trust, or profit; but that the party convicted shall nevertheless be subject and liable to indictment, trial, and punishment by law.

There is, however, another provision relating to the mode of proceeding against certain officers, which would seem to be directly applicable to the case in hand.

*Section* 36 *of art.* 4, provides as follows:

"Judges of the county court and justices of the peace, sheriffs, coroners, surveyors, jailers, county assessor, attorney for the county, and constables, shall be subject to *indictment* or *presentment* for malfeasance or misfeasance in office, or willful neglect in the discharge of their official duties, in such mode as may be prescribed by law, subject to appeal to the court of appeals; and upon conviction their offices shall become vacant."

Here then are two modes prescribed by the constitution whereby a civil officer may be removed from office before the expiration of his term. That is, by impeachment—a mode that applies to and embraces every civil officer in the State, from the highest to the lowest; and by indictment or presentment, which only applies to the officers mentioned in the section, *supra.*

It is very clear that the grounds of complaint against appellant, and upon which his suspension from office was founded, are embraced by the section just quoted, and would furnish ample cause for a conviction under an indictment, for malfeasance in office or willful neglect of official duty, the effect of which would be to vacate his office. It may be added here, too, that this court has expressly decided that *section* 36, *supra,* of itself, and without further legislation, authorizes an indictment against any of the officers named therein for the offenses mentioned, and a conviction and judgment vacating the offender's office. (*Wharton vs. Commonwealth, MS. opinion, July* 1855.)

But the question yet remains to be decided, whether the legislature can prescribe any other mode of removing such officers from office than those furnished by the constitution, or enact a law whereby such officers may be suspended from a performance of the duties of their respective offices, and deprived of the emoluments of the same, which suspension—so far as the officer is concerned—would be certainly tantamount to a removal.

It seems to us that there can be but one view of this question, which is, that wherever the constitution has created an office and fixed its term, and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the legislature to remove such officer or suspend him from office for any other reason or in any other mode than the constitution itself has furnished.

To recognize the existence of such power would be, in effect, to say that these provisions of the organic law of the land are subject to legislative caprice, and, to that extent, to defeat and violate the restrictions and safeguards which were inserted in the constitution in order to give it permanence and stability. The results of such a doctrine might be pernicious in the extreme.

The governor's term of office is fixed by the constitution. That instrument likewise provides how he may be impeached and removed, and declares that all impeachments shall be tried by the senate. Would it be seriously contended that the legislature could, by enactment, subject him to trial for official misconduct, in any other mode—as by indictment or presentment in a circuit court—and declare that, upon a conviction thus had, his office should be deemed vacant, or that he should be suspended from a discharge of his official duties? And yet such legislation would be valid if that department of the government can, at its option, change the provisions of the constitution in reference to the mode of proceeding against the governor or any officer whose office is created by that instrument.

VOL. 3—16

Or suppose the legislature should attempt, by enactment, to empower this court, whenever in its judgment the public interest demanded it, to suspend any State officer, whose term of office is fixed by the constitution, and who is subject to impeachment, from the performance of his official duties for such period as the court might deem proper, would such enactment be regarded as constitutional? Most certainly not. And yet the reverse would be true if the power in question really existed.

In our opinion the fact that the framers of the constitution inserted in that instrument the several provisions fixing the terms of the offices thereby created, and prescribing the grounds upon which and the modes whereby the incumbents of such offices may be removed, is altogether sufficient to warrant the conclusion that those subjects were fully considered by them, and that they intended, by embodying said provisions in the constitution, to make them permanent and fixed, and thus to place the subjects to which they relate altogether beyond legislative control.

In this view we are fully sustained by the opinion of this court in the case of *Page vs. Hardin*, (8 *B. Mon.*, 648.)

One question in that case—indeed the most important one—was whether the governor had the power, even upon sufficient grounds, to remove his secretary of state.

In noticing that point the court says: "The constitution, in the clause creating the office of secretary, places its continuance during the term of the governor expressly upon the tenure of good behavior. The office of course terminates with the governor's term; but, during that term, he is removable only for the breach of the condition of good behavior."

The court then decides that the secretary could only be removed after being convicted of misbehavior in office, and in concluding that such conviction must be by impeachment, refers to the several provisions concerning removals from office in the constitution, then in force, and proceeds to remark as follows:

"These clauses, laying down the general rule and the exceptions, seem to provide for the whole subject of removal

Lowe vs. Commonwealth.

from office for breach of good behavior, and designating special modes and tribunals for the performance of this function, would seem to exclude any other, so far at least as respects those officers who by the constitution hold during good behavior. And it might well be contended that, if it had been intended that the office of secretary should be held subject to any different mode of proceeding such intention would have been expressed."

And the same doctrine was recognized by this court, at an early day, in the case of ——————, (*Pr. Dec.*, 215.)

The fact that these cases arose prior to the adoption of the present constitution does not diminish the force of the principle, nor the reasoning upon which the decisions rest. And as far as applicable they are deemed authoritative.

Inasmuch then as the office of jailer, as well as the term thereof, is fixed by the constitution of 1850, and inasmuch as that instrument declares the grounds for which, and the mode whereby, an incumbent of that office may be removed, our opinion is that such incumbent can only be removed upon the grounds and in the mode thus designated; and, inasmuch as the section of the Revised Statutes *supra*, which authorizes the suspension of such officer, does, so far as the incumbent is concerned, virtually authorize his removal from office, in a mode different from that prescribed by the constitution, we feel constrained to say that said section is, to that extent, unconstitutional, inoperative, and of no effect, and that the proceedings thereunder are illegal and void.

Wherefore the order of the county court, suspending appellant from the office of jailer of Mercer county, is *reversed*, and cause remanded with directions to dismiss the proceeding against him.