### ABEL H. MERRIAM *vs.* CYNTHIA WILLIS & others.

A mere occupant of land cannot maintain an action against the true owner for a trespass thereon; and therefore in such action evidence of matters in aggravation is incompetent.

TORT in the nature of trespass *quare clausum fregit.*   At the trial in the superior court, before *Brigham,* J., a verdict was returned for the defendants, and the plaintiff alleged exceptions. The case is sufficiently stated in the opinion.

*E. Pearson,* for the plaintiff.

*T. H. Sweetser & W. S. Gardner,* for the defendants, were not called upon.

METCALF, J.   This bill of exceptions shows that the plaintiff failed to prove a right to maintain, against these defendants, this action for breaking and entering his close.   The evidence showed that the sole title to the close was in Cynthia Willis, and there was no evidence of the plaintiff's right to any possession thereof. Whatever right or title thereto the plaintiff may once have had, he quitclaimed it to her in October 1849, and she conveyed it to Brastow in 1852, and took back a mortgage from him, which she foreclosed in October 1857.   And though the plaintiff continued in possession from 1849 until he was removed by her orders, after she had foreclosed the mortgage, yet the terms on which he had possession, for any part of that time, do no.

appear. He showed no demise, written or oral, from Mrs. Willis or from her mortgagor, nor any pretence of a right or title against her. The bond, which he offered in evidence, was given by her to John G. Rogers, in October 1849, (on the next day after she receivêd the plaintiff's quitclaim,) conditioned that she would make certain dispositions of the close in question for his advantage. But Rogers thereby acquired no title, possessory or other, and his consent that the plaintiff might òccupy the close had no effect on the rights of Mrs. Willis. As against her and those acting for her by her direction, the close was not the plaintiff's, and he therefore cannot maintain this action, though he might maintain such action, on his mere possession, against an intruder having no better title. 1 Chit. Pl. (6th Amer. ed.) 204. *Burling* v. *Read*, 11 Ad. & El. N. R. 904. *Barnstable* v. *Thacher*, 3 Met. 242, 243.

The gist of this action is injury to the possession of real estate, and the alleged trespass on person and personal property is, in law, only aggravation of that injury. Unless the breaking and entering of the close of the plaintiff is proved, the action is not maintainable for the matter of aggravation; but damages therefor are to be sought in a count framed for that single purpose. *Bennett* v. *Allcott*, 2 T. R. 168. *Ropps* v. *Barker*, 4 Pick. 239. *Robbins* v. *Sawyer*, 3 Gray, 376, 377. *Exceptions overruled.*