CASE 9—INDICTMENT—OCTOBER 8, 1880.

## The Commonwealth v. Williams.

APPEAL FROM GRAVES CIRCUIT COURT.

1. One who has been elected to, and engages to serve the public in an official capacity, has no right voluntarily to unfit himself for the faithful and intelligent discharge of his duties, and the law-making power may provide for his punishment in any manner not prohibited by the constitution.

2. The constitution has designated the offenses for which certain public officers, including county judges, may be removed from office, and the legislature has no power to prescribe removal from office as a penalty for offenses not so designated.

The Commonwealth v. Williams.

3. Nor can it, by declaring that a given offense shall be deemed one of a class of offenses for which an officer may be removed, make it of that class, and authorize the removal of an officer upon his con-- viction of such offense.
4. Intoxication cannot be deemed a misfeasance in office. Misfeasance· in office is the wrong-doing of an official act. It relates to official conduct, not to conduct as an individual.

R. H. WILLIAMS for APPELLANT.

1. The state of intoxication intended by the "Act to prevent intoxica- tion of county officers in this Commonwealth," approved April 9,, 1878, is drunkenness to such a degree as to incapacitate the officer from doing his official business.
2. County judges may be removed from office for malfeasance or mis- feasance in office or willful neglect of official duty. (Constitution, art. 4, sec. 36; Cooley's Const. Lim., 64; Lowe v. Commonwealth, 3 Met., 241; Brown v. Grover, 6 Bush, 1.)
3. Misfeasance is the performance of an act which might lawfully be; done, but done in an improper manner, by which another receives. an injury. (Bouvier's Law Dictionary.) It must relate to the offi- cial conduct, and not to the officer's conduct as an individual.
4. The act in question is unconstitutional. (Cooley's Const. Lim., 64; Lowe v. Commonwealth, 3 Met., 241; Brown v. Grover, 6 Bush, 1;. Gaines v. Gaines, 9 Mon., 302.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
The question is, whether the act of April 9, 1878, is constitutional.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

The appellee was indicted in the Graves circuit court for the offense of misfeasance in office, alleged to have been committed in manner and form as follows:

"The said R. H. Williams, on the 27th day of October, 1879, in the county aforesaid, he being judge of the county court of Graves county, duly elected and qualified as such judge, . . . was, while engaged in the performance of offi- cial duties as such judge, found to be in a state of intoxi-- cation from the use of spirituous, vinous, or malt liquors;, and particularly was said Judge R. H. Williams in a state of intoxication while engaged in the discharge of official

duties on the 20th of September, 1879, when Elisha Tom came before said county judge for the purpose of obtaining letters of administration on the estate of W. S. L. Tom, then deceased, and to execute bond as such before said judge, and to have appraisers of said estate appointed, all of which was done before said R. H. Williams as such judge on said day; and during the time of the transaction of all this official business before said judge . . . he was . . . in a state of intoxication from the use of spirituous, vinous, or malt liquors, . . . contrary to the form of the statute," &c.

The indictment was based on section 1 of an act, entitled *"An act to prevent intoxication of county officers in this Commonwealth," approved April 9, 1878 (Acts 1878, vol. 1, page 126).*

That section reads as follows :

"That it shall be deemed misfeasance in office for the judge of any county court, justice of the peace, sheriff, coroner, surveyor, county assessor, attorney for a county, constable, police judge, marshal, or clerk of any chancery or police court, while engaged in, or by law required to be engaged in, the discharge of his official duties, to be in a state of intoxication, produced by the use of malt, vinous, or spirituous liquors."

The only penalty denounced by the statute is removal from office.

We entertain no doubt that the General Assembly possesses ample power to punish public officers of all grades for being voluntarily in a state of intoxication while engaged in, or when required by law to be engaged in, the discharge of official duties.

One who engages to serve the public in an official capacity has no right, voluntarily, to unfit himself to any degree

for the faithful and intelligent discharge of the duties of his position; and the law-making power of the state may punish him for so doing in any manner not prohibited by the constitution.

But the constitution has designated the offenses for which certain public officers may be removed from office, and the legislature has no power to prescribe removal from office as a penalty for offenses not so designated; nor can it, by declaring that a given offense shall be deemed one of a class of offenses for which an officer may be removed, make it of that class, and authorize or. require the removal of an officer upon conviction of such offense. The constitution is in such a case a criminal statute, and having designated certain offenses for which certain named public officers may be removed from office, is equivalent to a declaration that the designated officers shall not be removed from office for any offense other than those enumerated.

Section 36, article 4, of the constitution, provides that—

"Judges of the county court, and justices of the peace, sheriffs, coroners, surveyors, jailers, county assessors, attorney for the county, and constables, shall be subject to indictment or presentment for malfeasance or misfeasance in office, or willful neglect of their official duties, in such mode as may be prescribed by law, subject to appeal to the Court of Appeals, and upon conviction their offices shall become vacant."

The phrase "misfeasance in office" had, at the time of the adoption of the constitution, a definite and well understood legal meaning. It described an offense which consisted in the wrong-doing of an official act. It embraced this single offense and no more, and it is for the courts and not the legislature to decide what acts constitute the offense de-

nounced by the constitution; and if being in a state of intoxication, under the circumstances mentioned in the statute under which the appellee was indicted, did not constitute the offense of misfeasance in office, without the aid of the statue, the statute is unconstitutional as to such of the officers named in it as are also named in section 36, article 4, of the constitution.

If being in a state of intoxication is to be deemed misfeasance in office because the legislature has so declared, although it is not misfeasance without such declaration, then the legislature may, by declaring that any violation of the criminal or penal laws of the state shall be deemed misfeasance in office, make all the public officers mentioned in section 36, article 4, removable from office upon indictment and conviction of any offense whatever.

The constitution denounces against these officers the penalty of removal for the offense of misfeasance in office, and this is an implied limitation upon the power of the legislature to extend the penalty to other cases.

Mr. Cooley says "that when the constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition, or to extend the penalty to other cases." (Const. Lim., page 78, 4th ed.)

And this court said in Lowe v. Commonwealth (3 Met., 241), "that wherever the constitution has created an office and fixed its term, and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the legislature to remove or suspend him from

office for any other reason or in any other mode than the constitution itself has furnished."

This doctrine was approved in Brown v. Grover (6 Bush, 1), and has been followed in many unreported cases since that time.

It only remains then to decide whether, if a public officer be in a state of intoxication while engaged in, or when by law he is required to be engaged in, the discharge of official duties, he is guilty of misfeasance in office within the meaning of the constitution.

Bouvier defines misfeasance to be the performance of an act, which might be lawfully done, in an improper manner, by which another person receives an injury; and misfeasance in office would, therefore, seem to be the improper doing of an official act.

The second constitution of this state provided that clerks should be removable from office by the Court of Appeals "for breach of good behavior."

In proceedings under that provision, this court held that the inquiry must be confined to misconduct in office, and that conduct, however immoral, which did not relate to the official action of the clerk, constituted no ground for his removal. (Commonwealth v. Barry, Hardin 238; Commonwealth v. Chambers, 1 J. J. Mar., 160.)

In the latter case, the court said, it was "proper to separate the character of the man from the character of the officer," and that it had "no power to remove a clerk for crimes committed so long as he discharged the duties of his office well." In this case, no complaint is made that the appellee did not faithfully, honestly, and correctly discharge all his duties as an officer. There was, therefore, no misconduct as an officer on his part, however reprehensible his

conduct as an individual may have been. It is only for misconduct in connection with his official duties that the constitution authorizes him to be removed from office upon an indictment, and as the only misconduct charged was individual and personal, and not official in its character, the judgment must be affirmed.