CASE 64—PROSECUTION AGAINST AN OFFICER FOR BEING IN A STATE OF INTOXICATION WHILE HOLDING A COUNTY OFFICE—SEP. 27.

# Johnson v. Commonwealth.

APPEAL FROM PERRY CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.    AFFIRMED.

CRIMINAL LAW—DRUNKENNESS OF PUBLIC OFFICER—INFLICTION OF WORKING PENALTY.

Held:   1. Under Kentucky Statutes, section 3749, providing for the punishment of any officer who shall "whilst in the discharge of the duties of his office be in a state of intoxication produced by the use of spirituous, vinous or malt liquors," or who shall "by the use of any such liquors be unable or incompetent or disqualified to discharge any of the duties of his office," any officer who at any time is so drunk as to disqualify him from discharging the duties of his office is guilty, though he may never be drunk while attempting to perform any official act.

2. Under Kentucky Statutes, section 1377, providing that when the punishment for a crime is a fine, or imprisonment in the county jail, or both, the jury may provide in their verdict that the defendant shall work at hard labor until the fine or imprisonment is satisfied, defendant can not complain that the jury, without an instruction authorizing them to do so, returned a verdict inflicting the working penalty.

E. E. HOGG, ATTORNEY FOR APPELLANT.

## POINTS AND CITATIONS.

1. The indictment does not follow section 3749, Kentucky Statutes, and is therefore fatal.
2. The instructions are erroneous.   79 Ky., 45, Commonwealth v. Williams.
3. The proper construction of section 3749, Kentucky Statutes, is that drunkenness must exist whilst in the discharge of official duties; that drunkenness applies to the officer and not to the individual.
4. The defendant was not drunk from effects of spirituous, vinous or malt liquors, but from "grape cider."
5. The verdict applying the working statute is insufficient to authorize a judgment putting defendant to work.   87 Ky., 367, Eldridge v. Com.

Johnson v. Commonwealth.

CLEM J. WHITTEMORE AND ROBT. J. BRECKINRIDGE, ATTOR-
NEY GENERAL, FOR APPELLEE.

The appellant was indicted, tried and convicted in the Perry
circuit court for drunkenness while in office. At the time he
was surveyor of Perry county. He was indicted under section
3749, Kentucky Statutes.

The above statute plainly says that a fine of from $100 to
$1,000 shall be imposed for drunkenness "whilst in the discharge
of the duties of his office, or unable or incompetent
or disqualified to discharge any of the duties of his office."
While the indictment charges incompetency and disqualification
there is not one scintilla of evidence to show that appellant
was incompetent or attempting to discharge any of the duties
of his office, or that he was even called upon to discharge any
duty pertaining to his office. This court said in the case of
Com. v. Chambers, 1 J. J. Marshall, 160, that it was "proper
to separate the character of the man from the character of the
officer."

I am of the opinion that the trial court erred to the prejudice
of the appellant in refusing to give peremptory instructions to
find defendant not guilty as it was clearly a question of law
whether the statute applied to the character of the officer or
the character of the individual. Com. v. Williams, 79 Ky.,
42; Stubbs v. State, 53 Miss., 437; Pennsylvania v. Keffer, Add.
Pa., 290; vol. 7, L. R. A., 426; Ky. Stats., sec. 3749.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was indicted, convicted, and fined $100, under
section 3749, Kentucky Statutes, which section is as fol-
lows: "If any person holding a State, county, district,
town or city office shall, whilst in the discharge of the
duties of his office, be in state of intoxication, produced
by the use of spirituous, vinous or malt liquors, or if any
such person shall, by the use of any such liquors, be un-
able or incompetent or disqualified to discharge any of
the duties of his office, he shall be deemed guilty of a
misdemeanor, and fined not less than one hundred nor more
than one thousand dollars." The indictment is in the fol-
lowing language: "The grand jury of Perry county, in the

name and by the authority of the Commonwealth of Kentucky, accuse A. H. Johnson of the offense of, while holding a county office, being in a state of intoxication, caused by the use of intoxicating, spirituous, vinous, and malt liquors, incompetent and disqualified to discharge the duties of his office, committed in manner and form as follows, viz.: The said A. H. Johnson, on the 18th of December, 1900, in the county of Perry aforesaid, did unlawfully, while holding a county office, to-wit, the office of county surveyor in and for Perry county, be and was incompetent and disqualified to discharge the duties of his office by reason of the use of spirituous, vinous, and malt liquors, against the peace and dignity of the Commonwealth of Kentucky." A demurrer to the indictment raised the main question argued on the appeal, viz., is the offense denounced by the section quoted that of drunkenness by an officer, so as to disqualify him from discharging his official duties, or is it the act of being drunk while attempting to discharge such official duty? The circuit court overruled the demurrer, thereby holding the former view. Drunkenness is an offense, under the statutes of this State, punishable by fine. A public officer is held to a higher degree of responsibility for his conduct than the private citizen. "A · public office is a public trust." By assuming it, the officer dedicates his talents and all his time necessary to the service of the public in the discharge of the duties of his office. For misfeasance or malfeasance he may be indicted and punished. Why should he not be punished for wilfully, voluntarily becoming so drunk that he is both mentally and physically unable to perform those acts required to serve the public in his office? It is argued for appellant that it is not shown that he was drunk while attempting to discharge any official duty, and therefore that no one was or could be in-

jured by his condition; that so long as he remained sober
during the time when engaged in his official labors, it was
not material to the public—in other words, none of their
business—if he did get drunk at other times; that he was
amenable to the public for his official acts only. Of
course it is not argued that had he been charged with be-
ing drunk while discharging an official duty, he would not
have been punishable. That proposition is conceded.
However, we conclude that a public official engages, not
merely to do all that his office requires, but to keep himself
in readiness and condition at all seasonable hours to do
it. It may be true that while drunk the official was not
attempting to perform any official act. He may have been
too drunk to have even tried, much less to have done any
of the work of the office. The very fact that an official
is so drunk as to make it doubtful whether he could execute
with safety to the subject an official act would deter those
having business with his office from approaching him while
in such condition. He could then, if appellant's view be
correct, escape all punishment by simply continuing too
drunk to do any work. There was formerly a statute of
this State (Act April 9, 1878) which attempted to make it
a misfeasance in office for certain named officials to be in
a state of intoxication "while engaged in, or required by
law to be engaged in, the discharge of his official duties." The
act was held to be unconstitutional, because it was deem-
ed incompetent for the Legislature to make that a misfeas-
ance in office which at the adoption of the Constitution
was not; that instrument having provided that for mis-
feasance in office the officers named should, upon convic-
tion, be removed. But in reference to the general power
of the Legislature to provide suitable punishment for the
conduct mentioned, this court said (Com. v. Williams, 79

Ky., 42, (42 Am. Rep., 204): "We entertain no doubt that the General Assembly possesses ample power to punish officers of all grades for being voluntarily in a state of intoxication while engaged in, or required by law to be engaged in, the discharge of official duties. One who engages to serve the public in an official capacity has no right voluntarily to unfit himself to any degree for the faithful and intelligent discharge of the duties of his position, and the lawmaking power of the State may punish him for so doing in any manner not prohibited by the Constitution." Thereafter the Legislature adopted section 3749, more sweeping even than the act of 1878. They provide not only that the official shall be punished for being drunk while in the discharge of the duties of his office, but they provide, in addition: "Or if such person shall, by the use of any such liquors be unable, or incompetent, or disqualified, to discharge the duties of his office, he shall be deemed guilty," etc. While the former statute confined the offense to drunkenness while engaged, or required to be engaged, in official work, the present statute goes further, and requires the official, in so far as his sobriety is concerned, to keep himself at all times in a fitting condition to perform any duty that may be required of him as an official. In Pennsylvania v. Keffer (decided in 1795) Add., 290, where a grand juror had been convicted for disqualifying himself in the discharge of his office by voluntary drunkenness, the court said: "The intention with which the intoxication was produced, whether with a direct view to disqualify or not, is not essential to the conviction; for it was his duty, not only not to disqualify himself, but to take reasonable care to preserve himself in a state fit for doing his duty."

The bill of exceptions in this case, in stating the instruc-

tions given by the court to the jury, does not show that the jury were instructed on the subject of punishment by hard labor.   However, the verdict of the jury returned inflicted the working penalty in appropriate terms.   The section under which that part of the verdict was written is as follows: "Sec. 1377.   When the punishment for a crime is a fine, or imprisonment in the county jail, or both, the jury may, in their discretion, if the defendant is a male, provide in their verdict that the defendant shall work at hard labor until the fine and costs or imprisonment is satisfied, or until both are satisfied."   In other words, the jury in this case did what they would under appropriate instruction have been permitted to do, and that the instruction on this subject was not given in appropriate form can not have been prejudicial.   Furthermore, the failure to give instruction on the labor statute was not made a ground for a new trial in the motion therefor, and we can not therefore, review it on this appeal.   Perceiving no error prejudicial to the substantial rights of the accused, the judgment is affirmed.

The whole court sitting.