CASE 82—INDICTMENT AGAINST W. R. WOOD FOR MALFEASANCE IN OF-
FICE AS COUNTY CLERK FOR UNLAWFULLY ISSUING LIQUOR LICENSE.
—Nov. 18.

# Commonwealth v. Wood.

APPEAL FROM TODD CIRCUIT COURT.

JUDGMENT SUSTAINING DEMURRER TO INDICTMENT AND COMMONWEALTH
APPEALS. AFFIRMED.

COUNTY CLERK—MISFEASANCE—INDICTMENT—SUFFICIENCY.

Held: An indictment of a county clerk for unlawfully issuing a li-
cense to sell liquor in a local option precinct, which fails to
aver that his action was from a corrupt motive or fraudulent,
or that he knew at the time that it was unlawful for him to issue
the license, is insufficient.

CLIFTON J. PRATT, M. R. TODD, JAS. R. MALLORY, ATTORNEYS
FOR APPELLANT.

Appellee was indicted as clerk of the Todd County Court for
unlawfully issuing a license to Cyrus Greenfield to retail spiritu-
ous liquors in the town of Trenton in said county after a cer-
tificate had been filed in his office by the canvassing board of
said town certifying that the local option law had been adopted
in said town. We contend that the appellee having this official
information in his office, and knowingly issued a license to an
applicant to sell liquors in a town where the sale has been pro-
hibited by the expressed will of the voters therein at an election
held for that purpose, is guilty of misfeasance in office in failing
to obey and discharge a known duty by refusing to issue the
license.

We contend that it is not necessary to allege that he was ac-
tuated by a corrupt motive in doing this act, but that the failure
to discharge a known duty is a sufficient allegation to render him
liable for misfeasance in office.

We further contend that though the license may have been
granted by him upon the order or by the direction of the trus-
tees of the town of Trenton will not excuse him, for the reason
that he had before him a record in his office saying it was un-

lawful to sell liquor in said town and he owed it to the public and it was his duty to recognize said record.

We further contend that an allegation that the appellee unlawfully and willfully issued such license without legal or rightful authority so to do is sufficient to include corrupt motive and criminal intent.

14 Bush, 161; 19 Am. & Eng. Ency. of Law, 502; 2 Am. Dec., 629; Ky. Const., secs. 124, 227; Ky. Stats., sec. 3748; Bishop's Statutory Crimes, sec. 164, p. 155; 23 Ky. Law Rep., 1718.

PETREE & STANDARD, ATTORNEYS FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. It is necessary to charge in the indictment that appellee issued the license corruptly, or with a knowledge that it was unlawful for him to do so. The indictment does not charge that appellee acted from a corrupt or improper motive. Scott v. Cook, 1 Duvall, p. 315; Com. v. Arnold, 3 Litt., 309; Com. v. Barney, 24 Ky. Law Rep., p. 2352; Lynch v. Com., 25 Ky. Law Rep., p. 2180; Com. v. McPeek, 14 Ky. Law Rep., 215.

2. The indictment having attempted to set forth all of the material steps required by the statute in order to make a valid option law, and having failed to set forth certain material requirements of the statute, is bad.

(a) It attempts to set forth not only every order taken in regard to the election, but all the acts of the sheriff. Having attempted to set forth the acts of the sheriff, it should have alleged that notice of the holding of the election was given by him as required by statute, and the failure to charge this is fatal to the indictment. Com. v. Cope, 21 Ky. Law Rep., 845.

(b) The local option law requires the certificate of the board of canvassers to be placed on the order book at the next regular term of the county court after it is completed; the indictment discloses that it was not so placed on record until nearly two years after the holding of said election. This long delay is fatal to the indictment, especially when unexplained.

3. The allegations of the indictment do not charge a public offense. Young v. Com., 14 Bush, 161; Payne v. Com., 14 R., 303; Schweaman v. Com., 99 Ky., 296; Com. v. Helback, 19 Rep., 278; Adams v. Stephens, 88 Ky., 443.

4. Appellee as clerk of the Todd County Court is not subject to indictment for malfeasance in office. Const., sec. 227; Broaddus v. Broaddus, 10 Bush, 299; Patterson v. Commonwealth, 86 Ky., 314; Parrish, &c., v. Ferguson, &c., 83 Ky., 18; Com. v.

Chambers, 1 J. J. Marsh., 108; Ky. Stats., sec. 3748; Com. v. Williams, 79 Ky., 43; Consti., sec. 124.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee was indicted by the grand jury of Todd county for malfeasance in office. It is charged that he, as county court clerk of Todd county, "willfully and unlawfully" issued a liquor license to one Greenfield to sell liquor by retail in the town of Trenton, when previously that town had, at an election regularly held, voted in favor of the local option law, and that the result of the vote, duly certified, was of record in his office. The only question presented that we have felt called upon to decide or consider is the sufficiency of the charge as made in the indictment. It is not averred that appellee's action was from a corrupt motive or fraudulent, or that he knew at the time that it was unlawful for him to issue the license. While malfeasance in office is defined generally to be the wrongful or unjust doing of some official act, which the doer has no right to perform, or which he has stipulated by contract not to do, it is essential that an evil intent or motive must accompany the act, or that it must have been done with such gross negligence as to be equivalent to fraud. As said in Bishop's New Criminal Law, section 972: "The court requires evidence of something more than a mere mistake of duty. There must be corruption. This also is necessary to sustain an indictment." And in the same author's work on New Criminal Procedure, section 834, it is said: "Corruption, in some form of words, must generally be averred; it is believed, always at common law." An honest mistake of an officer concerning the discharge of an official duty, although it may be the result of ignorance, ought not to, and can not, unless the express terms of the statute impel to such construction,

make him a criminal. If the act is done with a corrupt purpose, or from a corrupt motive, or with a knowledge by the officer at the time that his official act is a violation of the law, or if the act is done so negligently or carelessly or recklessly as to show an utter want of care or of concern, and such as would be tantamount to a fraud, and therefore could be said to be fraudulently done, his act will be a malfeasance, but not otherwise. Commonwealth v. Arnold, 3 Litt., 309; Commonwealth v. Barney, 24 R., 2352, 74 S. W., 181; Lynch v. Commonwealth, 24 R., 2180, 73 S. W., 745; Commonwealth v. McPeek, 14 R., 215, 20 S. W., 220; Commonwealth v. Rodes, 6 B. Mon., 171; Commonwealth v. Chinn, 110 Ky., 527, 22 R., 1921, 62 S. W., 685.

Wherefore the judgment of the circuit court sustaining the demurrer to the indictment is affirmed.