## Robbins v. Commonwealth.

(Decided December 13, 1929.)

E. N. INGRAM, for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, W. T. Robbins, the county judge of Bell county, was indicted for malfeasance in office, and upon his trial was found guilty and his punishment fixed at a fine of $100. In the judgment, the office of county judge was declared vacant.

On this appeal appellant relies upon two grounds for a reversal of the judgment: Errors of the trial court (1) in overruling the demurrer to the indictment, and (2) in overruling appellant's motion for a peremptory instruction in his favor.

It is argued that the indictment is defective in that it fails to allege that the appellant was ever elected or qualified as county judge of Bell county, and that it failed to allege that he did not have jurisdiction of the case or authority to issue the warrant. The indictment in the accusatory part thereof charges W. T. Robbins with the offense of malfeasance in office, and in the descriptive part of the indictment it is charged that, "after he had been elected, qualified and properly inducted in the office of county judge of Bell county, and while acting as such county judge of said county and while under oath as such county judge and acting officially as county judge of Bell county, did unlawfully, willfully, wickedly, maliciously and corruptly issue a warrant charging D. M. Bingham with having taken and detained Mahala Short against her will and consent with intent to have carnal knowledge of her." And further along in the indictment it is charged that "said warrant was issued as aforesaid without an affidavit made by Mahala Short or anyone else; that said warrant was so issued as aforesaid without a proper affidivit to base said warrant or said charge on, and that said warrant was without foundation of law." It is also, in substance, alleged in the indictment that W. T. Robbins issued the warrant and made the pretended charge therein unlawfully, willfully, wickedly, corruptly, and maliciously. The indictment fully sets out the ingredients constituting the offense of malfeasance in office and in such a manner as to enable a person of common understanding to know what is intended.

It is suggested that the expression, "after he had been elected, qualified, etc.," is not equivalent to saying that he had been elected and qualified, but the indictment sufficiently charges that the accused had been elected, qualified, and inducted into office, and at the time the acts

complained of were committed he was acting officially as county judge of Bell county. It is also contended that the indictment is insufficient, in that it does not charge that Bingham had not committed the offense for which the warrant was issued. The indictment charges that the warrant was issued without foundation of law, that the charge was pretended, and that the acts of the accused were done unlawfully, willfully, corruptly, and maliciously.

Section 227 of our Constitution provides that a judge of the county court shall be subject to indictment for malfeasance in office, and upon conviction his office shall become vacant. And section 3748, Kentucky Statutes, provides that judges of the county court shall be subject to indictment in the county in which they reside for malfeasance in office, and upon conviction shall be fined in any sum not less than $100 nor more than $1,000, and that upon such conviction the office held by such person shall become vacant, and the judgment of conviction shall so recite.

Malfeasance is the doing of an act which a person ought not to do—wrongful act. In Commonwealth v. Wood, 116 Ky. 748, 76 S. W. 842, 843, 25 Ky. Law Rep. 1019, it was said: "While malfeasance in office is defined generally to be the wrongful or unjust doing of some official act, which the doer has no right to perform, or which he has stipulated by contract not to do, it is essential that an evil intent or motive must accompany the act, or that it must have been done with such gross negligence as to be equivalent to fraud."

And further: "An honest mistake of an officer concerning the discharge of an official duty, although it may be the result of ignorance, ought not to, and cannot, unless the express terms of the statutes impel to such construction, make him a criminal. If the act is done with a corrupt purpose, or from a corrupt motive, or with a knowledge by the officer at the time that his official act is a violation of the law, or if the act is done so negligently or carelessly or recklessly as to show an utter want of care or concern, and such as would be tantamount to a fraud, and therefore could be said to be fraudulently done, his act will be a malfeasance, but not otherwise."

Also see Holiday v. Fields, 210 Ky. 179, 275 S. W. 642.

Our statute does not make a county judge punishable for any honest mistake or error of judgment in the

exercise of judicial power vested in him, but only for an abuse of his power proceeding from a corrupt or other improper motive. If the county judge under the color of exercising the duties of his office abuses any discretionary power with which he is invested by law from an improper motive, he is guilty of the offense of malfeasance in office. But an illegal exerise of authority caused by mistake as to the law made in good faith does not constitute the offense. We are of the opinion that the indictment sufficiently charges acts constituting malfeasance.

Before discussing appellant's contention that his motion for a directed verdict should have been sustained, a brief statement of the facts will be made. D. M. Bingham was county attorney for Bell county, and, at the time the warrant against him was issued, was a candidate against appellant for the Republican nomination for county judge. On May 8, 1929, as county attorney, he prosecuted Berry Howard, T. M. Broughton, W. J. Messer, and Botner Smith, and they were held over to the grand jury on felony charges. It appears that they were charged with holding up travelers on the highway and exacting money from them under the guise of fines for alleged violations of the traffic laws. Berry Howard was a deputy sheriff, Tom Broughton was a county patrolman, appointed by appellant, and Smith and Messer were deputy constables. On the morning after their examining trial, at which Bingham was present as county attorney, Howard went to appellant's office in the courthouse and stated to him that D. M. Bingham, about eleven months previously, had detained Mahala Short, and that she was willing to sign an affidavit for a warrant for Bingham's arrest, but that she was unable to come to the courthouse. Appellant prepared four affidavits, and, accompanied by Howard, Smith, and Broughton, went to Mahala Short's home, which was in the suburbs of Pineville, the county seat. She lived in a house owned by Berry Howard. There is a sharp conflict in the evidence as to what occurred when appellant and the others reached Mahala Short's home. The evidence for the commonwealth is to the effect that Mahala Short denied that Bingham had detained her against her will and that she refused to swear to the affidavit. The four men who were present, however, persuaded her to sign the affidavit and three copies thereof, and appellant then issued four warrants, placing one in the possession of Berry How-

ard, Messer took one, and appellant later gave one of the warrants to G. M. Knuckles, a deputy sheriff. Appellant informed Knuckles that Bingham's bond would be fixed at $10,000, but Knuckles arrested Bingham and took him before a magistrate, who fixed his bond at $1,000. Appellant claims that the affidavits were read to Mahala Short, and that she signed and swore to them.

The issual of the warrant was within appellant's jurisdiction, but, if he issued it without an affidavit, knowing the charge was false, or if he, with such knowledge, maliciously procured or assisted in procuring an affidavit, he was guilty of malfeasance. We can conceive of no greater abuse of the power vested in an officer to issue warrants of arrest. If the evidence of the commonwealth is true, the appellant issued the warrant after he had been informed by Mahala Short that the charge against Bingham was untrue. Appellant and three officers present prevailed upon her to sign the affidavit, but she did not read it nor was it read to her. She refused to state under oath that the charge contained therein was true. On the other hand, she informed appellant that it was untrue. She is corroborated to a great extent by Mrs. Nellie Southers, who lived in an adjoining room and heard most of the conversation between appellant and Mahala Short at the time the latter's signature to the affidavit relied on was obtained.

The issue was submitted to the jury, and the evidence is ample to sustain the verdict.

Judgment affirmed.