## STATE ex ASHBAUGH v BAHR et

Common Pleas Court, Mahoning Co.

No. 108153.  Decided July 15, 1940.

Clyde Osborne, Youngstown, for relator.

John A. Willo, law director, and Homer E. Carlyle, assistant law director, Youngstown, for respondents.

## OPINION

By MAIDEN, J.

Relator was permanently discharged on the 19th of April, 1940, being furnished with a written statement of reasons for removal prepared by the law department of the city and signed by the members of the civil service commission. On appeal the trial board was appointed which board heard the matter on appeal and affirmed the action of the removing authority. Under the statute relator has no appeal to the courts from the judgment of the trial board, the right of appeal to the courts extending only to members of the police and fire departments.

It is settled law that mandamus is the proper remedy of one who has been illegally removed from the classified service, as where he has been removed for a cause which is insufficient in law. **7 O. Jur. 605.**

The statute involved in this case is §486-17a, **GC**, the first paragraph of which reads as follows:

"**Sec. 486-17a.** (Tenure of Office, Removals.) The tenure of every officer, employe, or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employe or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office."

The portion of the notice of removal furnished relator giving the reason for removal is as follows:

"The reason for your permanent removal and discharge as an employee of

the Civil Service Commission of the city of Youngstown, Ohio, and the city school district of the city of Youngstown, Ohio and of the city of Youngstown, Ohio is for misconduct unbecoming an employee of the civil service commission of the city of Youngstown, Ohio and the city school district of the city of Youngstown, Ohio and of the city of Youngstown, Ohio in violation of §486-17a GC, and in violation of Provision E, Section 2, Rule 17, of the Rules and Regulations of the civil service commission of the city of Youngstown, Ohio, in that you did on the 22nd day of March, 1940, while in and on the premises occupied by the G. M. McKelvey Company of the city of Youngstown, Ohio, take and carry from its depository without good reason or cause and without the consent of the owner a fur coat, the property of one Hilda L. Kline of Youngstown, Ohio."

It is settled law that the order of removal constitutes a judgment and that the reasons for the order of removal on the hearing of the appeal are considered as charges. The power of removal prescribed by the statute must be confined within the limits prescribed for it, and must be pursued with strictness. State ex Desprez v Board of County Commissioners, 47 Oh Ap 1.

On mandamus this court must confine its inquiry to whether or not the removing authority acted in accordance with the law and within the scope of its authority. In other words, it will consider whether the reasons assigned for the removal were such as, if true, would justify the order, but this court will not examine into the truth of the reasons assigned or evidence supporting them. 7 O. Jur. 607.

It becomes necessary then to examine the reason assigned to see whether it constitutes one of the removing causes under the statute above quoted. The words "for misconduct unbecoming an employee of the civil service commission" constitute merely a general allegation and are insufficient. State ex

Savage v City of Cleveland, 20 C. C. (N. S.) 250.

Coming now to the allegation of fact in the paragraph quoted, it is to be noted that it does not allege facts constituting a violation of the penal law. There is no allegation of wrongful intent or intent to steal or anything upon which to base a criminal intent. Reduced to plain terms it merely charges her with taking into her possession a piece of merchandise on the premises of the company without the consent of the owner and from a place where it had been deposited. The words "without good reason or cause" constitute merely a conclusion of law. No matter how innocent the taking might have been if the trial board found that the reason did not meet some indefinite standard to be set by them as constituting a good reason, the charge is upheld. The charge in law can mean nothing except that the actions alleged are such as constitute the basis of a civil action for the market value of the coat, in other words, the common law remedy of trover. If she was tried for anything else or if she was removed on the theory that the facts constituted larceny and hence bad behavior, she was improperly removed for she can not be charged with one thing and removed for another. State ex Brittain v Board of Agriculture, 95 Oh St 276.

The question then really reduces itself to this: does the action of a civil service employee not connected with the conduct of his work, which constitutes only the basis of a single action for damages, in and of itself constitute a failure of good behavior and hence ground for removal? This is not a situation similar to a civil service employee who wilfully and intentionally pursues a course of conduct of the nature of failing to pay his honest debts, which holdings the court is familiar with. In that situation the course of conduct consists of a series of breaches of civil obligations wilfully and intentionally undertaken. The determination of what is a failure of good behavior is a question that can not be answered by laying down any one gen-

eral rule. It has been held that good behavior is conduct authorized by law, and that during good behavior means while conducting one's self conformably to law; and that behavior is the bearing of the person with respect to propriety, morals and requirements of law. U. S. v Harasky, 88 N. E. 1031; 16 Ann. Cases 279. It does not seem possible to lay down any hard and fast rule which could be a guide, but that each case must be more or less considered on its own facts, and in this view I am following the opinion of the Attorney General, Mr. Turner, in 1927, Vol. 3, page 2416.

It is the holding of this court that the facts charged do not constitute a failure of good behavior under the statute.

It is contended that any breach of good behavior in order to be a removable breach must be confined to misconduct in office; and while that is the holding in some states' based on particular statutory matters before the court at the time, for instance, Commonwealth v Williams, 79 Ky. 42, I do not think that is the interpretation to be placed on this statute. It seems to the court that the proper interpretation of this statute, analyzing it by its four corners, is that a failure of good behavior to be effective as a removing cause need not be confined to the actual conduct of the office. A search of authorities in Ohio has revealed nothing in point although there is considerable dictum construing the statute in that manner. **Ford v Cincinnati, 15 OO 127**, is a typical case.

It may possibly be argued that relator's action in proceeding to trial before the trial board amounted to a waiver of any claim as respects the type of the charge. **State ex Cermak v Barry, 29 O. L. R. 413.** The answer, of course, is if the charge did not state a removable offense under the statute no action by the relator could waive anything, and therein is the distinction between the case at bar and the Cermak case.

It is, of course, essential that the standard of public service be maintained and that employees be removed for just cause under the statute, but it is equally essential that employees be protected from removal upon any ground not authorized by the statute.

The writ is allowed; exceptions to respondents.