James **BAILEY**, Movant,

v.

**COMMONWEALTH of Kentucky**, Respondent.

No. 89–SC–198–DG.

Supreme Court of Kentucky.

May 24, 1990.

Allen V. Graf, Bowling Green, for movant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENS, Chief Justice.

A jury convicted movant, a former county judge executive of Logan County, of malfeasance (KRS 61.170), and official misconduct in the first degree (KRS 522.020). The Court of Appeals affirmed his conviction, and we granted discretionary review.

During Bailey's term as Logan County Judge Executive, disagreements arose between him and Logan County Attorney Fred Greene. The conflict degenerated to the point that Bailey made very personal and admittedly false accusations against Greene during the course of fiscal court meetings over which Bailey presided.

Bailey was then indicted on counts of malfeasance and first-degree official misconduct. The jury convicted him on both counts, meted out a six-month sentence from which he was conditionally discharged for two years, fined him $1000, and declared the office of Logan County Judge Executive to be vacant. The Court of Appeals affirmed the conviction. We reverse the Court of Appeals and overturn the movant's conviction.

Bailey's basic thesis is that the Commonwealth incorrectly applied criminal statutes to address a civil wrong. The movant advances six bases for this argument: (1) His statements were personal acts, not official, thus precluding conviction as a matter of law; (2) If the statements were official acts, these acts were authorized as speech and debate; (3) The statutes under which he was convicted violated his right to free speech; (4) The statutes are vague, indefinite, and overbroad; (5) Absolute immunity protects his utterances; and (6) The Commonwealth failed to introduce evidence that he knowingly committed a legal wrong. Because we agree that the movant's statements were personal rather than official acts, we reverse on point one and will not address the remaining five arguments.

Movant presents a two-tiered argument to support the conclusion that his conviction is precluded as a matter of law. First, he contends that there must be an official act to convict a public official of malfeasance and official misconduct in the first degree. Second, he argues that his statements were personal viewpoints, not official acts. We agree.

■ The statutory definition of official misconduct in the first degree clearly calls for an official act. KRS 522.020 states that "[a] public servant is guilty of [the offense] when, with intent to obtain or confer a benefit or to injure another person or to deprive another person of a benefit, he knowingly: (a) Commits an act *relating to his office which constitutes an unauthorized exercise of his official functions* ..." (emphasis added). KRS 522.020(1)(a).

While KRS 61.170 makes malfeasance in office a crime, it does not define the of-

fense. We must look to case law for a definition. In *Commonwealth v. Wood,* 116 Ky. 748, 76 S.W. 842 (1903), the Court defined malfeasance in office as "the wrongful or unjust doing of some official act, which the doer has no right to perform...." *Id.* 76 S.W. at 843. *Accord, Holliday v. Fields,* 210 Ky. 179, 275 S.W. 642, 647 (1925).

The Court of Appeals states that the common law definition of malfeasance does not require an official act, and cites two Kentucky cases that omit the term "official" in defining the offense. We are not so convinced. In *Robbins v. Commonwealth,* 232 Ky. 115, 22 S.W.2d 440 (1929), it is true that the Court defined malfeasance as "the doing of an act which a person ought not to do." However, the Court also quoted with approval the definition of "malfeasance in office" found in *Wood, supra,* and further stated that a county judge was guilty of malfeasance in office when *"under the color of exercising the duties of the office* [he] abuses any discretionary power with which he is invested by law ..."* (emphasis added). *Robbins,* 22 S.W.2d at 441.

The Court of Appeals also cited *Fuson v. Commonwealth,* 241 Ky. 481, 44 S.W.2d 578 (1931). The appellate court fails to note that in *Fuson,* the defendant, a county coroner, attempted to do an *official act* (hold an inquest) without having the statutory authority. The Court properly upheld his conviction for malfeasance in office.

The Court of Appeals also overlooks the distinction between "malfeasance" and "malfeasance in office." The general term "malfeasance" means the wrongful or unjust doing of some act which the doer has no right to perform. However, the more specific term "malfeasance in office" means the wrongful or unjust doing of some *official act,* which the doer, a public official, has no right to perform and has done so with gross negligence or evil intent. *Holliday,* 275 S.W. at 647. The case at bar involves malfeasance in office.

Thus we are satisfied that there must be an official act to convict a public official of malfeasance and official misconduct in the first degree. We now turn our attention to the second question that must be answered: Were Bailey's statements personal acts or official ones? Bailey claims they were personal, and we are similarly persuaded.

■ It is apparent to us from the record that Bailey's vicious remarks were not related to the business of the fiscal court. Tapes of the meetings reveal that Bailey's statements were not in any way responsive to business being conducted. One of the especially vicious attacks launched by Bailey against Greene erupted during an unrelated discussion about the purchase of a copy machine. Both the Commonwealth and the Court of Appeals seem to agree. The Commonwealth states in its brief that Bailey was addressing matters "outside the scope of court business" during his tirade. The Court of Appeals wrote that Bailey's statements were "personal in nature."

But according to the Commonwealth and the Court of Appeals, this is not the end of the argument. What transforms these personal remarks into official acts, they claim, is the fact that Bailey used an official forum over which he presided in which to launch his personal attack. This viewpoint fails to acknowledge that a person can do a purely personal act while in the process of performing an official function. This distinction between "the character of the man and the character of the officer" was recognized in *Commonwealth v. Williams,* 79 Ky. 42 (1880). In that case, a county judge was indicted on a charge of misfeasance in office for being intoxicated while engaging in the performance of his official duties. The Court ruled that this conduct did not constitute misfeasance in office:

> "There was, therefore, no misconduct as an officer on his part, however reprehensible his conduct as an individual may have been. It is only for misconduct in connection with his official duties that the constitution authorizes him to be removed from office.... [T]he only misconduct charged was individual and personal, and not official in its character...."

*Id.* at 47–48.

We note that although the *Williams* case dealt with misfeasance in office, not mal-

feasance in office, both offenses require an official act, and therefore the distinction between official conduct and conduct as an individual still applies.

Furthermore, we believe that the position espoused by the Commonwealth and the Court of Appeals would have a definite chilling effect on the operation of governmental bodies. A policy that makes official acts out of purely personal comments made by a public official during a public meeting would expose the officer to criminal liability and significantly interfere with the function of these bodies.

We hold that the offenses of malfeasance in office and first-degree official misconduct require official acts by a public officer, that Bailey's statements were personal, not official acts, and that therefore his conviction under KRS 61.170 and 522.020 is precluded as a matter of law. In so holding, we are in no way condoning Bailey's reprehensible behavior.

The judgment of the Court of Appeals is reversed, and movant's conviction is overturned.

COMBS, LAMBERT, LEIBSON, and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents in a separate dissenting opinion in which GANT, J., joins.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because I believe the conviction of malfeasance and official misconduct as rendered by the jury were proper. The false statements were official acts and consequently subject to criminal prosecution when they were made during the fiscal court meeting over which Bailey presided in his official capacity as county judge/executive.

I am not firmly convinced that a mistake has been committed either by the jury in returning its verdict of conviction or by the Court of Appeals in affirming these convictions. Great deference should be given to the jury as the finder of fact, and to the trial court and the Court of Appeals in applying the law.

K.R.S. 522.020 provides in part that a government official is guilty of misconduct when, with the intent to injure another, he knowingly commits an act relating to his office which constitutes an unauthorized exercise of his official functions. Here, while presiding over a fiscal court meeting as county judge/executive, Bailey made false accusations against the county attorney with the intent to injure him by embarrassment. Although urged to adjourn the meeting by other members of the fiscal court, the presiding officer did not relinquish control of the meeting in order to express his personal opinions. Public office is a sacred trust and cannot be abused by the holder of such a trust, merely by claiming that the comments were personal rather than official acts. The official act in question was the presiding over the meeting. The expression of the false statement was the unauthorized official function. Therefore, Bailey was properly convicted of official misconduct. The statute was specifically designed to hold accountable public officials who abuse their public positions.

K.R.S. 61.170 makes malfeasance in office a crime. Malfeasance is generally defined as the wrongful or unjust doing of some act which the person has no right to perform or which he has been stipulated by contract not to do. It is the doing of an act wholly wrongful and unlawful. *Fuson v. Commonwealth*, 241 Ky. 481, 44 S.W.2d 578, 579 (1931). *Robbins v. Commonwealth*, 232 Ky. 115, 22 S.W.2d 440 (1929) states that malfeasance is the doing of an act which a person ought not to do—a wrongful act. Malfeasance has long been defined as the commission of some act which is positively unlawful or the doing of an act which is wholly wrongful and unlawful. Black's Law Dictionary (4th ed.1951). It is a comprehensive term including any wrongful conduct that affects the performance of official duties. *State ex rel Knabb v. Fratter*, 198 Wash. 675, 89 P.2d 1046 (1939).

Malfeasance has also been defined in Kentucky as the doing of an act which a person ought not to do. *Cf. Holliday v.*

*Fields,* 210 Ky. 179, 275 S.W. 642 (1925); *Robbins v. Commonwealth,* 232 Ky. 115, 22 S.W.2d 440 (1929).

The actions of a governmental official which involve the erroneous exercise of discretion are not punishable criminally under this statute. What occurred here was the expression of false statements by a presiding official during a formal meeting of the governing body. Clearly the expression was beyond the proper exercise of any official duty but it was in connection with an official function, to-wit: presiding over a public meeting.

I must respectfully disagree with the observation by the majority that the position taken by the Court of Appeals and the Commonwealth would have a chilling effect on the operation of government. Rather I believe it would instill a great degree of accountability from government. The overwhelming majority of government officials are decent and dedicated public servants who would never abuse their office by the kind of behavior exhibited in this case. Only a very few must be held accountable by the force of law. Public office cannot be a refuge for those who seek to embarrass or make false statements about the other individuals, whether they be public officials or otherwise. The mere fact that the statements were personal in nature does not afford them any protection; in fact, it should be the basis of this kind of charge. The public governmental meeting should not be the forum for the ventilation of any kind of personal vendetta.

Therefore I would affirm the decision of the Court of Appeals and the verdict of the jury.

GANT, J., joins in this dissent.