JUDGE ROBERTSON
delivered the opinion or the court:
On sufficient notice the appellees, as sureties in his official bond as sheriff of Monroe county, moved the county court of that county for additional security, “in consequence of official default.” After hearing the parties, the .court required additional security in a prescribed time, and the appellant failing to give it, was, by order of court, removed from office, and a successor was appointed and qualified for the unexpired term.
As the record exhibís none of the evidence heard on the trial, we must presume that it authorized the requisition made by the court.
But the appellant insists that the county court had no ..constitutional power to remove him from office, and in support of that position he relies on section 36 of article *377 4 of the State Constitution, subjecting sheriffs and other civil officers to indictment for “ malfeasance or misfeasance in office,” and on article 5, concerning impeachment of all civil officers; and also on the opinion of this court in the case of Lowe vs. The Commonwealth (3 Met., 237).
It neither appears nor should be presumed that the imputed “ default” in this case was either an impeachable or indictable offen.se, and, therefore, the principle of the decision in 3d Metcalfe is not applicable here. But however this may be, there are other provisions in the Constitution which authorized the relief of the sheriff’s sureties by his removal from office, their only alternative remedy after his refusal to give the required bonds. An impeachment or indictment is for the benefit of the public ; a removal on motion by sureties is for their own exclusive benefit; and, unless the Constitution and the statutory law authorize such relief to sureties, they might be deemed without remedy, and there would be an inexcusable defect in our jurisprudence. There is no such defect in either the fundamental or statutory law of Kentucky.
Section 9th of article 6th of the Constitution authorizes the proper tribunals to require sheriffs and some other officers to give bond “ as often as may be deemed necessary.”
And section 19th of article 8th provides, that “the General Assembly shall direct by law how persons who now are, or who may hereafter become, securities for public officers, may be relieved or discharged on account of such securityship.”
And section 2d of chapter 97, pages 396-7, Stanton’s Revised Statutes, provides, that if a sheriff or other officer shall fail, when required to give a new bond, “he shall, by order of the court, be removed from his office.”
*378 The discretionary power conceded by these two provisions of the Constitution is plenary and unqualified; and thus the organic law itself, considered in all its provisions on this subject, is consistent with the power to remove a sheriff for the security of his sureties, even when the cause for removal may be an impeachable or indictable matter; and more especially when it is not, as in cases of some unimpeachable delinquency or apprehended insolvency, not indictable; and, consequently, the statute before cited, and conformably with which the county court acted in this case, is constitutional and authoritative.
In the case of Lowe vs. The Commonweulth, the removal of the jailer was for an act for which the court said that he might have been removed by impeachment or indictment, as prescribed by the Constitution; and the removal by the county court was for the public benefit, and not for the relief of sureties.
As the jailer’s tenure of office was fixed by the Constitution, subject to curtailment by no other judicial proceeding for the Commonwealth than impeachment or indictment, the opinion in the case of Lowe vs. The Commonwealth was, in effect, hypothetically right, though the reasoning of the court is so indiscriminating as to seem to embrace this case, and, so far, it was unintentional and ultra-judicial.
There is no judicial conflict between that case and this. But however that may be, we are satisfied with our conclusion in this case as right and unaffected by any opposing authority.
Wherefore, the judgment is affirmed.