JUDGE PETERS
delivered the opinion op the court.
It is admitted in the record that the sheriff did not execute “bond” in the month required by law.
By sec. 5, art. 6, Constitution of Kentucky, it is provided that on the first Monday in August, 1852, and on the first Monday of August in every second year thereafter, elections for sheriff' shall be held; provided that the sheriffs first elected shall enter upon the duties of their respective offices on the first Monday in June, 1851, and after the first election on the first Monday in January next succeeding their election. And by sec. 3, art. 1, chap. 91, 2 Revised Statutes, 339, every sheriff is required to give an obligation to the commonwealth with sufficient sureties, before he enters upon the duties of Ms office,- that he will by himself and deputies well and truly discharge all the duties of the office of sheriff, and pay over to such persons, and at such time as they may respectively be entitled to the same, all money that may come to his or their hands as sheriff. For -the failure of a sheriff to execute the covenant prescribed as aforesaid, the sheriff could be proceeded against by indictment; but the mere failure to execute said covenant would not ipso facto forfeit his office. While the *3 statute does provide that if a sheriff fail or refuse to execute bond with surety as required by law for the collection of the revenue, at the January or February term of the county court, he shall forfeit his office, there is no such provision as to the other covenant required of the sheriff; and if there was, we do not suppose that the legislature would have the constitutional power to pass such an act. In Lowe v. Commonwealth, 3 Met. 237, this court held that wherever the constitution has created an office and fixed its term, and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the legislature to remove such officer, or to suspend him from office, for any other reason or in any other mode than the constitution itself has furnished.
The constitution of the state has designated the causes for which sheriffs may be removed from office, and the mode in which it is to be done; consequently the legislature had no power to add other causes of removal, and prescribe other or different modes.
But, besides, Brown and his sureties in their covenant acknowledge he at the time was sheriff, and it is not for them to come afterward and say he was not the sheriff. They are estopped by their covenant, and the same is obligatory on them, and the court below did not err in so deciding.
Wherefore the judgment is affirmed.