## C. W. FIELD v. COMMONWEALTH.

**Tax Collector—Approval of Bond—Removal from Office.**

A tax collector duly appointed and who files a bond approved by the judge cannot be deprived of his office because of insufficient bond until he has had an opportunity to show the bond to be sufficient or has failed to furnish additional bond within a reasonable time after being ordered to do so.

### APPEAL FROM JEFFERSON COUNTY COURT.

January 15, 1875.

OPINION BY JUDGE COFER:

By an act of the general assembly, which became a law on the 24th of February, 1873, the judge of the Jefferson county court was authorized to appoint a back tax collector for said county, to hold his office for the term of four years. The second section of the act required the person appointed to execute a covenant to the commonwealth, with sureties to be approved by the judge of the county court in the manner and form required of sheriffs for the collection of the revenue, and to renew the same annually at the February or March term of the court.

The appellant having been appointed to the office, gave the required bond and entered upon the discharge of his duties, but when he gave the bond, or whether he had renewed it since, does not appear in the record; but we infer from facts appearing in the record that he was not in default on account of a failure to renew his bond as required by the act.

Prior to the 28th of September last, but how long does not appear, the county judge awarded a rule against the appellant, returnable on that day, to show cause why he should not be required to give additional security as back tax collector.

To this rule the appellant responded, among other things, that his bond, already given and approved by the court, was sufficient, and in support of the sufficiency of his bond, he filed with his response, affi-

davits tending to prove that the sureties on his bond owned estate subject to execution worth from $95,000 to $100,000 over and above their debts and liabilities. He also tendered affidavits, and offered to prove by a witness alleged to be present in court, that the whole amount of taxes placed in his hands for collection amounted to about $107,000; that he had already accounted to the treasury for over $40,000 of that sum, and that he could not probably collect out of the remaining $67,000 more than the sum of $10,000, before the March term of the court, when he would be bound to renew his bond. No evidence was offered on the part of the commonwealth to show that the pecuniary condition of either of appellant's sureties was in any respect different from what it was when they were accepted, or that they were not worth as much as had been stated by the appellant, and the affiants whose affidavits were tendered; nor was there any evidence contradicting the statement as to the amount of taxes originally placed in his hands for collection, or the amount already accounted for.

But the court having refused to hear the evidence offered by the appellant as to the amount of taxes in his hands uncollected, and the amount he would probably be able to collect before March, when he is required by law to renew his bonds, he tendered two persons as additional sureties, who swore they were the owners of property subject to execution, worth in the aggregate $42,000 over and above their liabilities; but it appeared from the books of the assessor of Jefferson county that these persons had only listed their property for taxation at $7,000, and the court refused to accept them; and the appellant failing, as the order recites, "to give bond sufficient to satisfy the court," it was ordered "that the office of collector of back taxes of Jefferson county be and is hereby declared vacant on account of said failing to give additional security as required," and from that order this appeal is prosecuted.

The act creating the office of collector of back taxes for Jefferson county, places the incumbent upon the same footing with sheriffs, and subjects him to the same restrictions and penalties to which sheriffs are subjected by the general laws; and it was therefore competent for the county court to inquire into the sufficiency of the appellant's bond, and to require him to give additional security if his sureties were found insufficient. Sec. 25, Chap. 100, Gen. Stat., p. 783.

Such a proceeding may be commenced upon the personal knowledge or belief of the judge; but unless commenced upon his own

knowledge or belief, it should be based on an affidavit, and the question of the sufficiency of the bond should be first tried and determined; and if it is found insufficient, reasonable time should be allowed within which to obtain additional sureties. In this case no order was made requiring additional security until the 5th of October, and on the same day, and in the same order, the appellant was attempted to be removed from office for not doing an act, for the doing of which no time whatever was given after the decision of the court requiring it to be done, although time until the next day only was asked for that purpose.

This was unduly harsh, and would, if permitted to stand unreversed, not only deprive the appellant of his office without a moment of time after the court had made its order requiring additional security within which to give it, but would also deprive the commonwealth of an officer deemed important by the legislature, for there is no authority in the act, or elsewhere that we are aware of, to appoint a successor or fill the vacancy.

But the burthen was on the commonwealth to show that the bond which had been accepted was insufficient; and as no evidence has been offered, the order requiring additional security should not have been made. And if it had appeared that the sureties on the bond were insufficient, and the defendant had failed to give additional security, it is a matter of grave doubt whether the court had power to declare the office vacant; but as the question does not necessarily arise in this case, we mention the doubt we entertain only for the purpose of saying expressly that its consideration is waived. *Brown, et al. v. Grover, Admr., et al.,* 6 Bush 3.

We have heretofore decided in *Bartly v. Fraine, et al.,* 4 Bush 375, that upon the application of the sureties of a sheriff for additional security, if such additional security is required by the court to be given, the sheriff may be removed from office if he fails to give it within a reasonable time; but this was held in view of Sec. 19, Art. 8, of the Constitution, which provides that "The general assembly shall direct by law how persons who now are, or may hereafter become securities for public officers, may be relieved or discharged on account of such suretyship."

The evidence in the record satisfies us that appellant's bond is amply sufficient, and the judgment requiring him to give an additional bond, and declaring the office vacant, is *reversed* and the cause is remanded with directions to dismiss the rule.

*Russell & Helm, for appellant.*