A. I. Cocoughner, et al., v. Commonwealth, et al.

**Collection of Taxes—Sheriff—Defense.**

It is the official duty of the sheriff to comply with the order of the county court and collect the public revenue, and the plea that he was not sheriff by reason of his failure to execute his bond at the proper time, or by reason of his refusal to execute it at all for the collection of a special tax, constitutes no defense for him or his sureties.

**Public Office.**

Prior to the expiration of the term of office of a sheriff and while he is still living, not having resigned his office, the office does not become vacant until declared so in a proper proceeding.

APPEAL FROM WASHINGTON CIRCUIT COURT.

December 2, 1875.

Opinion by Judge Pryor:

In the case of the Mercer county court against Gabbart's administrator, it was held that the increase of the levy after the execution of the bond imposed no additional duty on the sheriff. The sheriff of Washington county was legally required to collect the county levy and public dues of that county, although in the form of a special tax, imposed to pay off the interest on the county bonds. The charter of the Cumberland & Ohio Railroad Company imposed this duty upon him, if by reason of his official position he would not otherwise have been compelled to make the collection. It was the official duty of the sheriff to make the collection, and the plea that he was not sheriff by reason of a failure to execute his bond at the proper time, or by reason of his refusal to execute the bond at all for the collection of this special tax, cannot avail him or his sureties. The office was not vacant until declared so in a proper proceeding. *Brown, et al., v. Grover, Admr., et al.,* 6 Bush 1.

It being the duty of the sheriff to collect this tax, it was incumbent upon him in this action to allege and show what moneys he had collected, and the parties that were insolvent, if any, in order that the court might know the extent of his defense. He says that he paid over all he collected, without saying how much he collected, of whom he made the collection, or giving any reason why he failed to collect all the tax, or a statement of those who had failed to pay. Having been ordered by the county court to make the collection, he had the right to continue to collect after his term of office expired. He did collect as much as thirteen or fourteen thousand dollars,

and now insists that he had no list of the parties required to pay tax, or notice that an order for him to collect had been made. These facts are inconsistent with his action in making such a large collection, and constitute no defense. The court will presume that he knew of the order, and had the list of the parties charged with the tax, as he admits that he proceeded to collect the tax, and did, in fact, collect nearly one-half of it. That seems to have been paid over, and no doubt he collected more than was accounted for, as the evasive answer filed clearly indicates. No judgment was rendered by the court below for the amount of the taxes enjoined, or for the ten per cent. damages to which the appellees were entitled. The appellants were not entitled to a trial by jury, as the facts set forth in the answer constituted no defense.

It is not alleged in the answer that any of the taxpayers are insolvent, or that all of the tax could not have been collected. The parties, as is evident from the defense, are withholding all information as to the sheriff's action in the premises in order to evade the judgment. The appellants were not made to pay any damages, and ought not to have been allowed the commission.

Judgment *affirmed.*

*Harrison & Knott, for appellants. W. H. Hays, for appellees.*