CASE 51—INDICTMENT FOR MALFEASANCE IN OFFICE—JAN. 14.

# Commonwealth v. Rowe.

### APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT DISMISSING INDICTMENT ON DEMURRER AND COMMON-
WEALTH APPEALS. REVERSED.

MALFEASANCE IN OFFICE—IMPEACHMENT NOT CONDITION PRECEDENT TO
INDICTMENT—ELECTION BETWEEN COMMON LAW AND STATUTORY
OFFENSE—PUNISHMENT LIMITED TO THAT PRESCRIBED BY STATUTE.

1. Under Constitution, section 68, providing that "the gov-
ernor and all civil officers shall be liable to impeachment
for any misdemeanors in office; but judgment in such cases shall
not extend further than removal from office and disqualifica-
tion to hold any office of honor, trust or profit under this
Commonwealth; but the party convicted shall nevertheless be
subject and liable to indictment, trial and punishment by law,"
—impeachment of a Commonwealth's attorney is not a condi-
tion precedent to his indictment for malfeasance in office and
punishment thereunder.

2. A Commonwealth's attorney, who takes a bribe to dismiss an
indictment, may, at the option of the Commonwealth, be in-
dicted either for the common-law offense of malfeasance in
office, or under Kentucky Statutes, section 1366, for the offense
of taking a bribe; but, though the common-law offense be
charged, the punishment is limited to the mode prescribed in
the statute, every fact stated in the indictment being includ-
ed in the statutory offense.

LA VEGA CLEMENTS, COUNTY ATTORNEY AND ROBERT J. BRECK-
INRIDGE, ATTORNEY-GENERAL, FOR COMMONWEALTH—APPELLANT.

The appellee, J. Edwin Rowe, who is the Commonwealth's
attorney for the Sixth Judicial District of Ky., was indicted
at the April term, 1901, of the Daviess circuit court, for the
common law offense of malfeasance in office. At the August
term, 1901, of said court a demurrer was sustained to the in-
dictment by Special Judge J. R. Hays, on the ground that a
Commonwealth's attorney is exempt from punishment for mal-
feasance in office by indictment and trial, unless he has been
successfully impeached in the manner prescribed by the Con-

stitution of the State. From the judgment sustaining the demurrer and dismissing the indictment this appeal is prosecuted.

The allegations in the indictment are "That William Powell and Forrest Hiter were indicted in the Daviess circuit court for the offense of suffering gaming, which prosecution stood regularly for trial at the April term, 1901, of said court. Before said court convened and in vacation, the defendant, J. Edwin Rowe as Commonwealth's attorney, and while acting under the color of his office, went to said Powell and Hiter and unlawfully, wilfully and corruptly made and entered into an arrangement with them, whereby and wherein they were to and did pay the said J. Edwin Rowe, Commonwealth's attorney as aforesaid, the sum of $50 with the agreement and understanding that he was to dismiss said prosecution, or reduce the offense from that of suffering gaming, to the offense of gaming, and to suffer and permit them to plead guilty to a fine of 25 each. Said agreement and arrangement was made by said Rowe as Commonwealth's attorney, and was unlawfully and corruptly entered into for the purpose of procuring a dismissal of said indictments, or to reduce the offense from that of sufferng gaming to that of gaming; thus wilfully, unlawfully and corruptly waiving and failing to prosecute said Powell and Hiter for their alleged violation of the penal law." "Thereafter and on the 12th day of April, 1901, and while the Daviess circuit court was in session at its April term, 1901, the said J. Edwin Rowe as Commonwealth's attorney appeared in open court and on his motion the following order was entered in the aforesaid prosecution, of the Commonwealth of Kentucky against William Powell and Forrest Hiter, wherein they were charged with the offense of suffering gaming:"

"The Commonwealth of Kentucky v. William Powell and Forrest Hiter, No. 4389—Suffering Gaming. The Commonwealth's attorney this day filed a statement and on his motion this prosecution is dismissed."

"Said statement is as follows, to-wit:

Daviess Circuit Court.

Com. of Ky. v. William Powell and Forrest Hiter. Statement."

"The room in whch the gaming is alleged to have been played was rented to other parties, and the defendant, nor either of them, had any control of it, and are therefore not guilty, and for that reason I move to dismiss this prosecution.

J. EDWIN ROWE, Commonwealth Attorney."

Three points were urged by counsel for the defendant to sustain the demurrer:

1. It must be alleged in the indictment and proved on the

trial that Powell and Hiter were guilty of suffering gaming as charged.

2. By section 227 of the Constitution of Kentucky and section 3748, Kentucky Statutes, it is provided that all *county officers* shall be subject to indictment and trial for malfeasance and upon conviction removed from office, and by reason of these provisions all other civil officers not mentioned in said sections are exempt from indictment for said offense.

3. If the Commonwealth attorney is liable to indictment, trial and punishment for malfeasance in office, this can not be done until after he has been convicted of the offense under articles of impeachment in the manner prescribed by sections 66, 67 and 68 of the Constitution.

We submit that neither of the points can be maintained, and that the court erred in sustaining the demurrer and confidently expect a reversal.

### AUTHORITIES CITED.

State v. Wedge, 24 Minn., 150, Lowe v. Commonwealth, 3 Metc., 237; Commonwealth v. Thomas, 9 Ky. Law Rep., 289; Const. of Ky., secs. 66, 67, 68 and 227; Kentucky Statutes, sec. 3748.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee was indicted in the Daviess circuit court for malfeasance in office. The court sustained a demurrer to the indictment and the Commonwealth has appealed.

It was charged in the indictment that appellee, while Commonwealth's attorney for the Sixth judicial district, corruptly entered into an arrangement with William Powell and Forrest Hiter, who were indicted in the Daviess circuit court for the offense of suffering gaming on their premises, by which they paid him $50, and he, in consideration of that sum, agreed to dismiss and did dismiss the indictment against them. The ground upon which the demurrer was sustained is that under the Constitution a Commonwealth's attorney can not be indicted for malfeasance in office until impeachment and conviction thereon. Section 68 of the Constitution is as follows: "The

governor and all civil officers shall be liable to impeachment for any misdemeanors in office; but judgment in such cases shall not extend further than removal from office and disqualification to hold any office of honor, trust or profit under this Commonwealth; but the party convicted shall nevertheless be subject and liable to indictment, trial and punishment by law." It is said that by the terms of the Constitution the only person who is subject and liable to indictment, trial, and punishment by law is the party convicted. If this is true, the higher officers of the State can only be punished for misfeasance in office after impeachment. The purpose of the impeachment proceeding is to remove the delinquent from office, and it can not be believed that the framers of the Constitution seriously contemplated that those whose duty it is to enforce the laws of the State might defy them with immunity from punishment until they were removed from office. Other offenders against the criminal law have no such immunity. By section 3749, Kentucky Statutes, any officer of the State who is in a state of intoxication while in the discharge of his official duties, or is disqualified to discharge them by the use of spirituous, vinous, or malt liquors, shall be fined not less than $100 nor more than $1,000. By section 1360 it is provided that if a Commonwealth's attorney receives or agrees to receive any money or other thing from any person prosecuted for or supposed to be guilty of violating any of the penal laws, in consideration that he is not to prosecute such offender, or to dismiss an indictment, he shall be fined not less than the amount imposed upon the offense compounded, or imprisoned ninety days, or both. By section 1366 provision is made for the punishment of legislative and executive officers guilty of bribery. By section 1371 any judge of a

court shall be fined not less than $100 nor more than $1,000 if he refuses to give place to a special judge, or if he uses or borrows any money under the control of the court of which he is judge or of any officer of the court. There are a number of other statutory provisions which were in force many years before the adoption of the present Constitution. Section 68, above quoted, is taken verbatim from article 5, sec. 3, of the previous Constitution, and was copied in that instrument from the Constitution adopted in 1799, which also took it from the first Constitution of the State, adopted in 1792. It is therefore clear that the provision has never been understood to protect State officers from criminal punishment until impeachment and removal from office. Com. v. Thomas, 9 Ky. Law Rep., 289. Nor does the language of the provision require any such construction. The subject of the section is impeachment and removal from office. It has always been provided in the Constitution of the State that one could not be twice put in jeopardy for the same offense. So, after providing in section 68 for impeachment of these officers, to prevent the impeachment proceedings from protecting the offender from criminal punishment, the concluding words were added: "But the party convicted shall nevertheless be subject and liable to indictment, trial and punishment by law." The word "nevertheless," being equivalent to "notwithstanding," was inserted in the section to show that the meaning of this clause is that notwithstanding the impeachment proceedings, the party convicted should be liable to indictment and punishment by law. The Commonwealth's attorney is the representative of the State in all criminal prosecutions in his district. To a large extent, he holds in his hands the administration of the criminal laws. If he may

compound crime, allow the thief and murderer to go un-
punished, then the administration of justice may be stifled
until the Legislature meets in its biennial session of 60
days. The tardy remedy by impeachment is wholly in-
adequate. It has always been the policy of the law to
deal summarily with such offenses, and we see nothing in
the Constitution in conflict with this wise policy.

It is suggested that section 227 of the Constitution by
implication sustains this conclusion. That section is as
follows: "Judges of the county court, justices of the
peace, sheriffs, coroners, surveyors, jailors, assessors, coun-
ty attorneys and constables shall be subject to indictment
or prosecution for misfeasance or malfeasance in office,
or willful neglect in discharge of official duties, in such
mode as may be prescribed by law; and upon conviction,
his office shall become vacant, but such officer shall have
the right of appeal to the court of appeals." The purpose
of this section was not to provide that only the officers
named should be subject to indictment for misfeasance or
malfeasance in office, but to provide another and speedier
way of removing from office these county officers, and to
avoid as to them the necessity of impeachment proceed-
ings. It can not be held that, if a constable or sheriff
is guilty of corruption in office, he may be indicted and pun-
ished; but that if the circuit judge or Commonwealth's at-
torney assist him in the commission of the offense, he may
not be punished until impeachment. For these reasons,
we are of opinion that there is nothing in the Constitution
to invalidate the indictment.

Sections 1360, 1366, Kentucky Statutes, provide: "It
shall not be lawful for any commonwealth's attorney or at-
torney prosecuting for the Commonwealth to receive or agree
to receive, directly or indirectly, any money or other thing

from any other person or from any person prosecuted for
or supposed to be guilty of violating any of the penal
laws, in consideration not to prosecute such offender or
not to prosecute him for more than one violation of any
penal law or in any other way to waive or fail to make a
prosecution under any penal law or to dismiss an indict-
ment or enter a *nolle prosequi*, so as to enable the offender
to escape or avoid the full penalty of the law. And if a
Commonwealth's attorney or an attorney prosecuting for
the Commonwealth shall violate any of the provisions of
this section, he shall be fined not less than the amount
imposed upon the offense compounded or agreed, or im-
prisoned ninety days, or both." Section 1360. "If a mem-
ber of the General Assembly, or if any executive or munic-
ipal officer, shall take or agree to take any bribe to do
or omit to do any act in his official capacity, he shall for-
feit his office and be fined in a sum not less than two
hundred nor more than one thousand dollars, and more-
over, be disqualified from holding any office of
trust or profit, and from the right of suffrage, for
ten years." Section 1366. This section is pursuant to
section 150 of the Constitution: "All persons shall be
excluded from office who have been, or shall hereafter be,
convicted of a felony, or of such high misdemeanor as may
be prescribed by law, but such disability may be removed
by pardon of the governor." The indictment is for the
common-law offense of malfeasance in office, but the facts
charged are those which may be punished under sections
1360 and 1366. The question, therefore, arises, can the
defendant be proceeded against for the common-law of-
fense, when, by statute, a different penalty has been im-
posed for the acts constituting it? In 1 Bish. Cr. Proc.,
sec. 599, the rule is thus stated: "If a statute makes an

offense of what was such at common law, the punishment may be statutory or not, at the pleader's option." In his work on Statutory Crimes (section 164), the same learned author says: "It is everyday practice in criminal courts to proceed against a defendant either under the statute or at the common law as the prosecuting power elects. Even where an indictment is meant to be drawn on a statute, if it proves defective as such, yet is good at common law, it stands; the court rejecting the concluding words, 'against the form of the statute,' as surplusage."

In State v. Wilkinson, 2 Vt., 480; 21 Am. Dec., 565, which was a common-law indictment for obstructing a highway, where a statute had provided a penalty for the offense, the court, upholding the indictment, said: "If the *locus in quo* is a highway, it is a right of franchise belonging to the people, and an indictment will lie for any obstruction of it. It is a clear principle of the common law that every unauthorized obstruction of a highway is an indictable offense. In the case of Rex v. Russell, 6 East, 427, which was an indictment for a nuisance in a public street and highway by obstructing the same, the court said that the primary object of the street was for the free passage of the public, and anything which impeded that free passage without necessity was a nuisance. The provision in the statute which imposes a fine not exceeding seven dollars for placing any obstruction in the highway, to be recovered by a complaint made to a justice of the peace, if applicable to this case, is merely cumulative, and does not take away the remedy by indictment at common law. It is true, as was resolved in Castle's case, Cro. Jac., 644, that when a statute appoints a penalty for the doing of anything which was no offense before, and appoints how it shall be recovered, it shall

be punished by that means, and not by indictment; but it is otherwise if the doing of the thing was an offense at common law, and punishable before the making of the statute. The rule of distinction is very fully and clearly stated in the case of Rex v. Robinson, 2 Burrows, 799. It is there laid down by Lord Mansfield that, where a statute creates a new offense by prohibiting and making unlawful anything which was lawful before, and appoints a specific remedy against such new offense by a particular sanction and particular method of proceeding, that particular method of proceeding must be pursued, and no other; but where the offense was antecedently punishable by a common-law proceeding, there either method may be pursued, and the prosecutor is at liberty to proceed either by indictment at common law or in the method prescribed by the statute, because there the sanction is cumulative, and does not exclude the common-law punishment." On this point the authorities seem uniform. Section 1127, Kentucky Statutes, provides: "Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies. All other offenses, whether at common law or made so by statute, are misdemeanors. . . . A common-law offense for which punishment is prescribed shall be punished only in the mode so prescribed." We therefore conclude that, although the defendant may, at the option of the Commonwealth, be indicted for the common-law offense or under section 1366, yet, as every fact stated in the indictment is included in the statutory offense, the punishment is limited to the mode prescribed in section 1366. Where the common-law offense, embraces elements not contained in the statute, or vice versa, the rule is different. Thus a charge of nuisance may embrace more than a charge of

obstructing a highway, although committed by such an obstruction.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the indictment, and for further proceedings consistent with this opinion.

Whole court, except Chief Justice Guffy, sitting.