## Northcutt, Circuit Judge, v. Howard, Commonwealth's Atty., et al.

June 16, 1939.

Rodney G. Bryson, Judge.

220

Wm. J. Deupree and Gregory W. Hughes for appellant.

Charlton B. Thompson, Robert C. Simmons, S. D. Rouse and O. M. Rogers for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Hon. Johnst Northcutt, Circuit Judge of the Sixteenth Judicial District of Kentucky, filed this action against Ulie J. Howard, Commonwealth Attorney of the district, and William E. Wehrman, County Attorney of Kenton County, under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., seeking a declaration of his rights with reference to the appointment of a commonwealth attorney pro tem. during the current term of his court to assist the grand jury in making certain investigations into law violations in Kenton County.

The allegations of the petition are, in substance, that the last regular grand jury returned 1936 indictments against various persons in Kenton County for gambling offenses and was unable to complete its investigation due to lack of time, and that when it adjourned it made a report that violations of the gambling and liquor laws were rife in the county and that there

were widespread criticisms and accusations directed at the commonwealth attorney's office and other law enforcement officials. The report of this grand jury recited that it had received complaint from a committee representing the Law Enforcement League of Kenton County, which had placed before the grand jury a petition signed by more than 700 residents of the county complaining of failure to enforce the law, especially those laws with reference to liquor and gambling. The report recited that there was, beyond any doubt, a laxity of law enforcement in the county and it was recommended that the next grand jury make a complete and impartial investigation of all officials in the county, in order that those who had faithfully discharged their duties might be given an opportunity to vindicate themselves and that others who had not done so might be brought to trial.

The petition alleged that the appellant had instructed the present grand jury to investigate the conduct of the commonwealth attorney, the county attorney and all other law enforcing officials of the county concerning their failure to enforce the law and to investigate whether or not the commonwealth attorney and the other officials were guilty of any felonies in connection therewith, and that he had requested the commonwealth attorney to withdraw and permit the appointment of some suitable person as commonwealth attorney pro tem. to conduct the investigation, but that he had refused to withdraw and stated that he would conduct an investigation of his own office himself and of his own conduct as commonwealth attorney.

A demurrer was sustained to the petition, and appellant declining to plead further, the petition was dismissed and this appeal follows.

The appellant claims the right to appoint a commonwealth attorney pro tem. not only to assist the grand jury in investigating the conduct of the commonwealth attorney's office, but also to assist in the investigation of other peace officers of the county and, in addition thereto, to assist the grand jury in investigating generally violations of the liquor and gambling laws in the county, and it is insisted in his behalf that he is justified in making such appointment because he has instructed the grand jury to investigate the commonwealth attorney.

The only right of appointment of a commonwealth attorney pro tem. conferred on the circuit judge is that conferred by Section 120 of the Kentucky Statutes, which says:

"In the absence of the Commonwealth's attorney at any term or part of a term of a circuit court, the judge of such court may appoint some suitable attorney to act in his place during his absence * * * but the court shall not appoint an attorney to act in the place of the Commonwealth's attorney unless he and the county attorney are both absent, or are of kin to or counsel for the accused, except in cases of felony."

It is argued for appellant that the commonwealth attorney is absent in legal effect when he is either disqualified or, for some reason, disabled from performing the functions of his office, and that when his own actions are being investigated by the grand jury he is thereby disqualified from assisting the grand jury in any investigations pending before it. This argument is unquestionably sound. There can be no doubt that if the commonwealth attorney was under indictment he would be disqualified from prosecuting the case against himself, and the circuit court in such case has the right to appoint a commonwealth attorney pro tem. to conduct the trial of a felony charge against the commonwealth attorney. This being true, it follows as a matter of course that when the grand jury is actually investigating such a charge against the commonwealth attorney, he is thereby automatically disqualified from assisting the grand jury in such investigation.

It must not be overlooked, however, that the current grand jury has made no report to the court that it is actually investigating misfeasance, malfeasance or corruption in office on the part of the commonwealth attorney. The only allegations of the petition dealing with this matter in any form whatever is the allegation that the appellant has instructed the grand jury to investigate the commonwealth attorney and other law enforcing officials of the county concerning their failure to enforce the law. This is no more than a compliance by the court with subsection 3 of Section 102 of the Criminal Code of Practice, which provides that it is the duty of the grand jury to inquire into the willful and corrupt misconduct in office of public officers of every descrip-

tion in the county. It is the duty of the court generally to instruct the grand jury to this effect, and the mere fact that he had done so certainly does not disqualify the commonwealth attorney from appearing before the grand jury and assisting them in their investigations.

We have no doubt as to the court's right to appoint a commonwealth attorney pro tem. where the grand jury reports to the court that it is actually engaged in investigating misconduct of the commonwealth attorney and needs legal advice and assistance with reference thereto, but such appointment would necessarily limit the appointee to assisting the grand jury in that particular investigation and that alone. However, no such situation appears here—the appellant seeks to justify his right to make the appointment by the report of the previous grand jury and by the fact that he has instructed the grand jury to make such investigation.

It does not follow from the report of the previous grand jury and the instructions given the present grand jury to investigate the commonwealth attorney and other officials that the present grand jury is complying with such recommendation and instructions, as it is apparent that they might ignore such report and instructions. Such right of appointment is necessarily limited to the situation where the grand jury actually reports to the court that it is investigating the commonwealth attorney, thereby evidencing his disqualification to act in advising the grand jury.

The right of appointment contended for by appellant in this action is much broader than the mere appointment of a commonwealth attorney pro tem. to assist the grand jury in investigating the commonwealth attorney. He seeks the right to appoint a commonwealth attorney pro tem. to assist the grand jury generally in investigating all of the law enforcement officers and in investigating violations of the liquor and gambling laws. To uphold this contention on his part would be, in effect, to permit the circuit judge to impeach or remove the commonwealth attorney at his pleasure and, by the mere fact that the grand jury has been instructed to investigate the commonwealth attorney, thereby disqualify him from performing the duties of his office.

The office of commonwealth attorney is a constitutional office and such officer may not be deprived of the right to perform the duties of that office except in a

manner clearly authorized by law, nor may a substitute be appointed in his place except by virtue of Section 120, Kentucky Statutes. That section authorizes the appointment of a substitute only when the commonwealth attorney is absent. In legal effect, the commonwealth attorney is absent when he himself is the subject of investigation by the grand jury, or is on trial. Unless he is physically absent from court or absent in legal effect by virtue of proceedings pending against him, no right or authority exists in the circuit court or any other official to appoint a substitute for him.

It may well be said that a grave situation arises when the law enforcing officers fail to make an effort to enforce the law or when they are in league with law violators to such an extent that the law enforcement machinery breaks down. When such situations exist, they must necessarily be remedied by resort to the methods provided by law—the indictment or impeachment of such officials or their removal by the exercise of the ballot. Certainly, the mere fact that a previous grand jury has recommended investigation of all officials and that the court has instructed the present grand jury to do so does not ipso facto disqualify all such officials to perform the duties imposed on them by law.

No matter how commendable may be the efforts of Judge Northcutt to enforce the law in his district or how deplorable may be the failure of law enforcing officers to do their duty, if such be the case, each of those constitutional officers has a right to perform the duties of his office until he is legally removed from office or legally disqualified to act. The allegations of the petition are insufficient to show legal disqualification of the commonwealth attorney and we are powerless to place the seal of approval on the right claimed by the circuit judge to substitute someone in his place.

The judgment is affirmed.

The whole Court sitting.