# Commonwealth ex rel. Attorney General v. Howard.

May 9, 1944

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellant.

Charlton B. Thompson and Robert C. Simmons for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee is Commonwealth's Attorney of the 16th judicial district. In November, 1943, the Attorney Gen-

eral filed petition ex rel., charging that appellee during his term had been guilty of such corrupt official acts and derelictions of duty as to constitute malfeasance and misfeasance.

The relief sought was a forfeiture of office, recovery of moneys paid to appellee from public funds during his term, and a fine of $10,000. Appellee demurred specially and generally; the court sustained the general demurrer, and upon declination of plaintiff to plead further dismissed the petition.

The ruling presents the sole question whether or not under Sec. 480 et seq. of the Civil Code of Practice the Attorney General had authority to seek the removal by the proceeding instituted. The court in his opinion found no difficulty in concluding, as was insisted by appellant, that under the common law a public officer could be removed under a proceeding quo warranto for derelictions in office. The question as then stated, and here propounded in brief for appellant, presented the real problem: "Is there any provision in the Constitution which prevents the Commonwealth from availing itself of this remedy (Sec. 480 et seq. Code) in this particular case against this particular officer?"

The court correctly held appellee to be a constitutional officer, Sec. 97 Constitution; Northcutt v. Howard, 279 Ky. 219, 130 S. W. (2d) 70, and that Sec. 68 of the Constitution provided a method of removal. Likewise that the Constitution is a limitation upon legislative power, which may be manifested by express prohibitive provisions, or necessary implication raised by other provisions. Batesville Casket Co. v. Fields et al., 288 Ky. 104, 155 S. W. (2d) 743. The court did not deem it necessary to scrutinize closely Sec. 68 of the Constitution to determine whether it was an express limitation, or could be construed as impliedly limiting legislative power to enact a law otherwise authorizing removal of a constitutional officer. He said that this court had concluded that argument in Lowe v. Commonwealth, 3 Metc. 237, 60 Ky. 237, where the question was the right of the county court to suspend a jailer under provisions of Chapter 91, Vol. 2, Stanton's Revised Statutes. In that case the court found that Article 5 of the Constitution, then in effect, provided for impeachment of all civil officers, prescribing the mode and effect and pointed

out that "there is * * * another provision relating to the mode of proceeding against certain [other] officers." This was Sec. 36 of Art. 4 of the Third Constitution providing, as does now Sec. 227 of the Constitution, for prosecution and authorizing the Legislature to provide by law for removal of the officers named. Thus said the Court:

"Here then are two modes prescribed by the constitution whereby a civil officer may be removed from office before the expiration of his term. That is, by impeachment—a mode that applies to and embraces every civil officer in the State, from the highest to the lowest and by indictment or presentment which applies to the officers mentioned in [Sec. 4 Art. 36]," applying that section to the office of jailer.

"The question yet remains * * * whether the legislature can prescribe any other mode of removing such officers other than those furnished by the constitution * * *. It seems to us that there can be but one view of this question, which is, that wherever the constitution has created an office and fixed its term, and has also declared upon what grounds and in what mode an incumbent of such office may be removed before the expiration of his term, it is beyond the power of the legislature to remove such officer * * * for any other reason or in any other mode * * *. To recognize the existence of such power would be, in effect, to say that these provisions of the organic law of the land are subject to legislative caprice, and to that extent, defeat and violate the restrictions and safeguards which were inserted in the constitution in order to give it permanence and stability. * * * In our opinion the fact that the framers of the constitution inserted in that instrument the several provisions fixing the terms of the offices thereby created, and prescribing the grounds upon which and the modes whereby the incumbents * * * may be removed, is altogether sufficient to warrant the conclusion that those subjects were fully considered by them, and that they intended, by embodying said provisions in the constitution, to make them permanent and fixed, and thus place the subjects to which they relate altogether beyond legislative control." The court found its conclusions sustained by the reasoning in Page v. Hardin, 8 B. Mon. 648.

Counsel for appellant contends that much of what was said in the Lowe case is dictum, because the court was dealing with an office then and now embraced in Sec. 227, and further because the court did not consider Sec. 233 of the Constitution, upon which dependence is had to uphold the argument. As a matter of reference it may be noted that the Lowe case had been affirmed in principle in Brown v. Grover, 6 Bush 1; later in Holliday v. Fields, 210 Ky. 179, 275 S. W. 642, and recently in Northcutt v. Howard, 279 Ky. 219, 130 S. W. (2d) 70. Whether reference to the impeachment section of the Constitution be dictum or not, the reasoning and conclusions are sound upon principle.

Counsel for appellant contends that under the provisions of Sec. 480 et seq., Civil Code of Practice, the legislature has constitutionally provided a concurrent mode of removal. That section provides for an ordinary action to take the place of the common law writ of quo warranto "to prevent the usurpation of an office;" sequential sections provide that the Attorney General shall prosecute the action in cases of usurpation of other than county offices. Stress is placed on Sec. 486, which provides: "A person who continues to exercise an office after having committed an act, or omitted to do an act, the commission or omission of which by law, creates a forfeiture of his office, may be proceeded against for usurpation thereof."

Counsel correctly says that under the common law quo warranto proceedings were applicable, and efficient for removal of civil officers for dereliction of duty. Further, that the Code provisions did not have the effect of abrogating the common law reasons or mode, but merely changed the form of procedure, as we said in McClendon v. Hamilton, 277 Ky. 734, 127 S. W. (2d) 605, to be rid of the cumbersome method of the common law practice. It is doubtless effective in cases where the legislature under its power has created offices, fixed tenure and salaries, or delegated that authority, since it is axiomatic that the creating power has the right to fix conditions and limitations upon and under which the electee or appointee may hold, including reasons for and mode of removal. The McClendon case, and others of similar nature, are fit examples. Section 233, Constitution, under title "General Provisions," provides: "All laws which, on the first day of June, one thousand seven

hundred and ninety-two, were in force in the State of Virginia, and which are of a general nature and not local to that State and not repugnant to this Constitution, nor to the laws which have been enacted by the General Assembly of this Commonwealth, shall be in force [and effect] within this State until they shall be altered or repealed by the General Assembly.''

The provisions of the Code in question may be in part repugnant to some provisions of the Constitution, but they are not insofar as they relate to officers not created by the Constitution. But it does not follow that in giving construction to the various involved provisions one should lose sight of the fact that the very document which carries the common law saving clause provided specific methods for removing civil officers, including the Governor, and county officers by the method provided in Sec. 227.

It may be of interest to note that Sec. 124 of the Constitution provides a different method of removal of the Clerk of the Court of Appeals, Circuit and County Clerks by this court. The mode is upon information, and the legislature by Secs. 442 to 450, Criminal Code of Practice, has provided for removal upon information by the Attorney General. To all intents and purposes the mode comports with that provided in Sec. 480 et seq. of the Civil Code of Practice in the form of an ordinary action. This section is discussed in Commonwealth v. Chinn, 110 Ky. 527, 62 S. W. 7, 685, and Attorney General v. Furste, 288 Ky. 358, 156 S. W. (2d) 198. As an historical fact lending force to the Lowe case, and those following it in principle, reference to the documents will show that Secs. 68, 124, 227 and 233 of the Constitution were embodied in our first Constitution (1792) and lifted bodily into succeeding Constitutions, and the current one, with little or no discussion. See Constitutional Debates, Vol. 3, pp. 5922, 5937, 5967, Commonwealth v. Rowe, 112 Ky. 482, 66 S. W. 29.

To give the meaning and effect to Sec. 480 et seq., Civil Code of Practice, in conjunction with Sec. 233 of the Constitution, urged by appellant, ''in this particular case, and as to this particular officer,'' would be to nullify Sec. 68, and the Constitution of which it is a part might in many respects become a dead letter, since it contains other provisions which are inconsistent with

the common law prior to 1792. We take the true meaning of Sec. 233 to be that all laws "then in force" relate to such as do not conflict with the true meaning, reasonable operation and effect of the provisions of the Constitution.

We agree with the court below in his conclusion that counsel's argument that a sustaining of demurrer would be tantamount to a holding that the sections of the Code in question are unconstitutional, was unsound. We have pointed out that there are "civil officers" who may under certain circumstances be proceeded against under those sections. The court was careful to indicate in his rulings, and went to some pains in applying cardinal rules of construction, in showing that his conclusions would give force to Sec. 233, Constitution, and to a degree uphold the Code sections, by a reconciliation with Sec. 68, thus doing no violation to constitutional provisions or statutory enactments.

Interpretation of the Constitution by rule of implication is hazardous; to be employed only in instances where the subject matter and language leave no doubt that the intended meaning may be thus reached with approximate certainty. Cumberland T. & T. Co. v. City of Hickman, 129 Ky. 220, 111 S. W. 311. Here the authority asserted could only be sustained by the implication that the Constitution makers intended to provide, in the face of an explicit provision, another or concurrent remedy. It is also the rule that if there be conflict it is the duty of the court to uphold that provision containing express language relating to the subject, rather than to one dealing with matters in general terms. Morgan County Board of Education v. Elliott, 260 Ky. 672, 86 S. W. (2d) 670; City of Vanceburg v. Plummer, 275 Ky. 713, 122 S. W. (2d) 772.

With these rules of construction in mind it is not difficult to reach the conclusion that Sec. 233 does not provide a method for bringing into play the proceedings urged here, and it must be understood that this is the only question decided. We have examined the cases cited by appellant; each may be readily distinguished, and so far as their effects go, would only authorize us to carry the implication doctrine too far in the face of a specific provision of the Constitution. On the other hand, in addition to the cases cited herein, it has been

the contemporaneous construction of this court that where a particular method of removal of an officer is provided, the principle applied by the lower court is the correct one. Curry v. Stewart, 8 Bush 560; Bartly v. Fraine, 4 Bush 375; Adams v. Roberts, 119 Ky. 364, 83 S. W. 1035.

We find no case in this jurisdiction where the question has been presented as here, nor have we been cited to one which would militate against the conclusion reached. There have been cases in other jurisdictions, seemingly to the contrary, and state ex. inf. McKittrick v. Wymore, 343 Mo. 98, 119 S. W. (2d) 941, 119 A. L. R. 710, 711 is relied upon by appellant as authoritative. A reading of that case manifests, as contended by counsel, that the Attorney General was authorized to institute a quo warranto removal action, and that the method adopted was a proper one. The construction of Missouri Constitution, Art 6, Sec. 3, Mo. R. S. A., gave the Supreme Court jurisdiction to determine in quo warranto whether an officer had forfeited by neglect. There was another constitutional provision giving power to the legislature to enact laws to provide for the removal of certain identified officers. The Supreme Court held that its jurisdiction was not limited by laws enacted as provided in an amendment, and that the general statute enacted thereunder did not create a new right so as to render exclusive the remedy thereby prescribed. It was not necessary in that case for the court to consider or determine whether the constitutional power vested in the court was exclusive. Because of the differences existing in Constitutions and statutes of various states, it is not always easy nor safe to apply the decisions of other courts when construing our own laws.

Reference to the annotations of the Wymore case will show that the majority ruling of other courts is that where removal of an officer is sought on grounds of misbehavior and the method is provided in the Constitution, such mode is exclusive as to constitutional officers, and quo warranto will not lie. A reading of such as tend to hold otherwise will show that the results reached depend upon the terms of Constitutions and statutes peculiar to the sovereignty; exemplary are Commonwealth ex rel. v. Davis, 299 Pa. 276, 149 A. 176; State ex rel.

La Crosse v. Averill, Tex. Civ. App., 110 S. W. (2d) 1173.

It follows from what has been said that the procedure here adopted is not authorized by the provisions of the Code relied upon, nor was the legislature empowered to put into effect under Sec. 233 the substituted quo warranto procedure, insofar as it applies to removal of a commonwealth's attorney, a civil officer, named in the Constitution. Our conclusion makes it unnecessary to discuss the question as to whether or not the petition was so vague and uncertain in setting up basic grounds for removal as to be demurrable in that respect, though there is merit in the contention. Holliday v. Fields, Governor, 210 Ky. 179, 275 S. W. 642.

Judgment affirmed; whole court sitting.