## Alder v. Commonwealth.

May 18, 1948.

Joe S. Feather, R. L. Brown, and W. L. Rose for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant was charged by indictment with the common law offense of assault and battery. A jury found him guilty and fixed his punishment at a fine of $200 and 30 days in jail. On his motion for appeal he contends that he was entitled to a directed verdict of ac-

quittal at the close of the commonwealth's and all testimony, and that the court erroneously gave instruction No. 2.

At the time of the occurrence appellant, a peace officer, and a deputy sheriff were out in the county serving summons on persons for jury service. At some point on the highway they found a wrecker moving a truck out of the ditch. It developed that it belonged to Amos Goins. He and his wife had gone from their home to haul a load of coal for a relative, and on the return trip the truck ran off the road.

The officers stopped and after some words with Mr. Goins appellant arrested him and took him to his car. At that time Mrs. Goins was some distance from the truck, and some person nearby told her that her husband had been arrested. The officers turned their car and came back to her; she testified that appellant said to her, "You are going with me in this car," she remonstrated and appellant grabbed her by the arm, shook her and led her to and put her in his car. She said she had done nothing, and later denied that she was intoxicated or had anything to drink. She said, "I didn't refuse to go, but I wanted him to turn me loose."

The officer took both parties to the Williamsburg jail; Amos was locked up, and appellant told the deputy jailer to place Mrs. Goins in jail if he thought she was drunk; he did not lock her up and she left. The jailer's wife was present and said that Mrs. Goins was acting like she was drunk or crazy. She afterwards said she did not think she was drunk.

The commonwealth introduced several witnesses who were near the scene at the time, but they failed to corroborate Mrs. Goins, except to the extent that, as she said, she "wasn't doing anything." They do say that appellant told her that she had to go with him, took her by the arm and led her to the car. Mrs. Goins said that the officer did not strike her or search her, and the witnesses agree on this point, and say that Mrs. Goins did "pull back," or said that she would not go with the officer.

Appellant testified that he reached the scene and learned that the truck belonged to Amos Goins, who

without doubt was intoxicated. He had considerable trouble in getting Amos into the car. He said that the husband said, referring to his wife, "go and get her, she is as drunk as I am and she has got the whiskey." He then went to Mrs. Goins and said, "You will have to go with me," and she refused. The officer said from her actions he thought she was drunk. He took her by the arm, led her to the car and put her in with the husband. He says he had considerable trouble with the two after they were placed in the car. There was no denial of what the officer testified Amos had said to him.

Appellant's fellow officer corroborated appellant as to what Amos had said. He was not near enough to hear the words spoken between appellant and Mrs. Goins, but could see and corroborates appellant in the statement that he merely took Mrs. Goins by the arm and led her to the car, and that he did not strike or abuse her in any way. He said she acted as if she were "drunk, nervous or something." Other witnesses for appellant testified in the same vein. One woman who saw but did not hear, said "He didn't do anything, only just took her by the arm and put her in the car." She said he did not strike or shake her, or abuse her in any way. A sixteen year old boy testified that the officer said, "I'll just take you too," and took her by the arm and put her in the car, "he was not dragging or hurting her."

Appellant's first contention is that he was entitled to a directed verdict if the arrest was illegal, as contended by the commonwealth, because he should have been indicted and prosecuted under Sec. 435.150, KRS, which fixes a penalty of from one to twenty years for false arrest or imprisonment, but appellant did not have the selection of the law under which he should be prosecuted. We have held that where there are two or more statutes or laws under which a wrongdoer may be prosecuted, the selection is in the officers whose duty it is to indict and prosecute. Com. v. Rowe, 112 Ky. 482, 66 S. W. 29; Com. v. Barbour, 121 Ky. 463, 464, 89 S. W. 479, 3 L. R. A., N. S., 620; Cornelison v. Com., 84 Ky. 583, 2 S. W. 235.

The second contention is that assuming the arrest to have been legal, the proof clearly showed that the

officer did not use more force than was necessary in carrying out what the officer in good faith believed to have been his duty. There is, as we read the record much force in the argument. In the first place the husband had informed the officer that his wife was "as drunk as I am," and Mrs. Goins' actions would have justified any reasonably minded person in concluding that she was to some extent intoxicated. That she remonstrated, though perhaps mildly, is shown, but the force used was commensurate with the resistance.

The general rule is that an officer having the right to arrest a misdemeanant may use such force as is reasonably necessary to effect his purpose, but no more; he must avoid the use of unnecessary force or violence, and if there be resistance he may use such force as may be required under the circumstances to overcome the resistance. 4 Am. Jur. Sec. 73 et seq. The rule is expressed in Sec. 43, Criminal Code of Practice: "No unnecessary force or violence shall be used in making the arrest." We are of the opinion that the officer here was justified in making the arrest and that from all the proof he did not use any unnecessary force or violence, and that the court should have so held.

Appellant raises another point; it is argued that instruction No. 2 as given by the court was erroneous. This was the instruction relative to the matter of "force." The complaint is that the instruction left it to the jury to conclude the extent of force to be used. This instruction advised the jury that appellant had the right to arrest Mrs. Goins if he believed she was publicly intoxicated in his presence, and that they should find him not guilty if they believed he used no more force than necessary in making the arrest.

On this point appellant has not directed our attention to any case in which we have condemned an instruction given in the language here used. On another trial it is suggested that the word "reasonably" should be added before the word "necessary" in the instruction given. Miller v. Com., 215 Ky. 819, 287 S. W. 6. The facts here do not justify the instruction suggested in Maggard v. Com., 232 Ky. 10, 22 S. W. 2d 298, in which we made reference to numerous previous opinions touching the propriety of instructions where there were

threats or showing of violence against or toward the officer which amounted to a felony under Sec. 1148a-7, Ky. Stats.

We are of the opinion that here appellant did not use any more force than was necessary to make the arrest which he had the right to do under the facts. If we should hold that more force was used than was necessary, officers would be thwarted in performance of their duties; if a person be arrested while intoxicated, unable to walk alone, or should become obstinate, then the officer could not take him by the arm and conduct him to his car or the patrol wagon without suffering civil or criminal liability on a charge of assault and battery. Having this view of the whole case we are compelled to sustain motion for appeal and reverse the judgment for a new trial, and if thereupon the facts are the same, or no stronger than as appear here, the court should direct a verdict of acquittal.

Judgment reversed.