The CITY OF LEXINGTON, a Second-Class
Municipality of the Commonwealth
of Kentucky, Appellant,

v.

Elaine GRAY, Appellee.

Court of Appeals of Kentucky.

May 18, 1973.

As Modified on Denial of Rehearing
Sept. 7, 1973.

John C. Anggelis, Anggelis & Vimont, John W. Collis, Lexington, for appellant.

Peter Perlman, Fowler, Rouse, Measle & Bell, Barry Benton, Compton, Swanger, Benton & Wake, Lexington, for appellee.

STEINFELD, Justice.

The City of Lexington appeals from a judgment in the amount of $6,841.67 entered pursuant to a jury verdict in appellee Elaine Gray's suit for damages for personal injuries and medical expenses. The city claims that it was entitled to a directed verdict because at the time the injuries were inflicted there was no employer-employee relationship between it and police officer Dan Brotherton, the person who is charged with causing the injuries, and that even if there was that relationship the "employee" was not acting within the scope of his employment. Also, it challenges the instructions to the jury. We reverse.

Off-duty patrolman Brotherton, dressed in civilian clothes and in his own automobile, went with his mother and brother to the Gray home to locate an acquaintance of his brother with whom the brother had been engaged in a fight. Brotherton identified himself to Mrs. Gray as a "cop". When she informed the patrolman that the person he was seeking was absent, an argument ensued, according to her testimony; however, according to his testimony, she began insulting him, screaming at him and pointing her finger in his face. He decided, he said, that her conduct was so loud and abusive that she was guilty of disorderly conduct and disturbing the peace. He stated that he told her she was under arrest (KRS 431.005), whereupon, she hit him in the eye and when he attempted to ward off her blows his arm came into contact with her and she fell to the floor. He then sought the aid of the police department in completing the arrest, which was accomplished in his absence. He testified that he went to the Gray house without the intention of arresting anyone, but that after Mrs. Gray "erupted" it was his opinion that an offense had been committed and that it was his official duty to make the arrest.

The proof also showed that during his induction training he was instructed that he was a police officer at all hours and he was required always to carry a weapon and police identification. He was authorized to make investigations and arrests on or off duty anywhere in the city of Lexington.

The city contends that an employer-employee relationship was not proved, but we find that it was. Although the venture started as a private matter, the injuries occurred when the patrolman was attempting to arrest Mrs. Gray, which ar-

rest was completed by other officers. The motion for a directed verdict was correctly overruled. City of Lexington v. Yank, Ky., 431 S.W.2d 892 (1968).

Appellant contends that the evidence did not support the giving of an interrogatory because it " * * * is contradictory as to whether or not in fact the Appellee herein was struck at all." The officer testified that in raising his arm he was attempting to protect himself, but the proof showed that Mrs. Gray received two black eyes and a broken nose. It cannot seriously be contended that she was not struck—certainly the jury was authorized to believe that she was.

The appellant complains that the instructions were erroneous and an interrogatory misleading. The parts in issue are as follows:

"If you believe from the evidence that at the time and place mentioned in the evidence the defendant, Dan Brotherton, had reasonable grounds to believe that the plaintiff, Elaine Gray, had committed a misdemeanor in his presence by such disorderly conduct as was calculated to disturb the public peace, it was the right and duty of the defendant, Dan Brotherton, to arrest the plaintiff.

"Does the Jury believe from the evidence that at the time the defendant, Dan Brotherton, struck the plaintiff, it was not necessary, or did not reasonably appear to said defendant to be necessary to so strike the plaintiff in order to carry out a valid arrest, and that it was not necessary to strike the plaintiff in order to protect said defendant from assault or attempted assault on him by the plaintiff?"

The city argues that the instructions should have been limited to indicate that the officer had the right to use such force as was necessary to effect the arrest and that the instructions exceeded authorized bounds by the words " * * * and that it was not necessary to strike the plaintiff in order to protect said defendant from as-sault or attempted assault on him by the plaintiff."

In Maggard v. Commonwealth, 232 Ky. 10, 22 S.W.2d 298 (1929), we stated that an officer is not limited to the use of such force as is necessary to protect himself nor is he limited to the right of self-defense which would be available to a private citizen under similar circumstances. We pointed out that the officer may use such force as was necessary or reasonably appeared to him to be necessary to take into custody the person he is seeking to arrest. It is true that Maggard was a criminal case, however this same rule applies in the matter before us, the test being that the officer making an arrest may use such force as may be necessary to make the arrest but no more. KRS 431.025(3); Hickey v. Commonwealth, 185 Ky. 570, 215 S.W. 431 (1919); Wireman v. Commonwealth, 290 Ky. 704, 162 S.W.2d 557 (1942); Alder v. Commonwealth, 307 Ky. 471, 211 S.W.2d 678 (1948).

The burden of establishing justification was on the officer, who therefore had to persuade the jury that he had reasonable grounds to believe and in good faith believed that Mrs. Gray was committing a misdemeanor in his presence and that he used no more force than was reasonably necessary, or so appeared to him in the exercise of reasonable judgment, in order to effect the arrest. Goins v. Hudson, 246 Ky. 517, 55 S.W.2d 388 (1932). Stanley's Kentucky Instructions to Juries, Vol. 1, Sec. 83, includes the words "to effect said arrest *or* to protect himself from assault," etc. (emphasis added), taken from the instructions given in Romans v. McGinnis, 156 Ky. 205, 160 S.W. 928 (1913). It will be noted, however, that the two criteria, (a) to effect the arrest and (b) self-defense, were there stated in the disjunctive, thus requiring a finding of justification if either of the two applied, whereas the interrogatory here under criticism required a finding that the amount of force was necessary, or reasonably so appeared,

both in self-defense and in order to effect the arrest. Hence it was possible for the jury to find against the city if it felt that Brotherton used more force than was justified in self-defense even though it was necessary in order to effect the arrest. For that reason we must hold that the interrogatory was prejudicially erroneous.

The force necessary in order to effect an arrest will always exceed that which is necessary in order to defend against an assault or attempted assault by a person who is forcibly resisting the arrest. The officer must both defend himself and subdue the arrestee. That being the case, when the assault and battery of which an officer is accused occurs in the course of an arrest there is no need for the instructions to include the element of self-defense, because it is embraced within the right to use such force as is necessary, or reasonably so appears, to effect the arrest.

If there is another trial and the evidence is substantially the same on this issue, in addition to such other instructions as are warranted by the evidence the jury should be instructed or interrogatories to it should be couched generally as follows:

You will find for the plaintiff, Elaine Gray, unless you believe from the evidence that upon the occasion in question

(a) she was disturbing the public peace in the presence of the officer, Dan Brotherton, by using loud and abusive language, or that he had reasonable grounds to believe and did in good faith believe that she was so doing in his presence; and

(b) that officer Brotherton used no more force than was necessary, or appeared to him in the exercise of a reasonable judgment to be necessary, in order to effect the arrest,

in which event you will find for the defendant, City of Lexington.

The judgment is reversed for further proceedings consistent herewith.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.